ROBERT W. SORRELS

V.

FOREIGN MISSION BOARD OF THE
SOUTHERN BAPTIST CONVENTION, ET AL.

Record No. 821878.

March 9, 1984.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson and Russell, JJ., and
Harrison, Retired Justice.

*Richard E. Trodden (Ashcraft & Gerel,* on brief), for appellant.
*Lewis T. Booker (Hunton & Williams,* on brief), for appellees.

PER CURIAM.

This is a claimant's appeal from an adverse order entered by the Industrial Commission in a workers' compensation case.

Finding that the claimant was a "volunteer" and, hence, not an "employee" within the coverage of the Workers' Compensation Act, and that the services he agreed to contribute were to be performed exclusively outside the Commonwealth, the Commission sustained a motion to dismiss. On appeal, the claimant challenges both grounds assigned by the Commission. For purposes of this appeal, however, we assume without deciding that there was a contract of employment.

In December 1979, Robert W. Sorrels filed an application for service in the Mission Service Corps of the Foreign Mission Board of the Southern Baptist Convention, a nonprofit religious body chartered in Virginia. On the face of the application, Sorrels indicated that his "Geographic Preference" was "Foreign" rather than "USA" or "Local". In letters dated in February 1980, a member of the Board's staff extended Sorrels "a provisional invitation . . . to serve for a period of one year as a Mission Service

Corps volunteer in the country of Nigeria." The letters explained that "[t]his invitation is provisional since Foreign Mission Board approval is required for service overseas in this particular ministry." According to the minutes of a meeting of the Board on March 11, 1980, Sorrels was "approved as Mission Service Corps volunteer to serve in Nigeria as accountant for one year".

On April 15, 1980, shortly after his arrival in Ibadan, Nigeria, Sorrels sustained injuries in an automobile accident which resulted in paraplegia. Sorrels filed his claim against the Board in February 1982, and the Chief Deputy Commissioner conducted a hearing on the Board's motion to dismiss. In answer to interrogatories, Dr. R. Keith Parks, President of the Foreign Mission Board, said that the duties Sorrels was engaged to perform "entailed assisting the mission treasurer with supervision of the flow of funds for the mission and missionaries in Nigeria" and supervision of salaried bookkeeping employees stationed there. Dr. Parks also filed an affidavit in which he said: "Claimant performed no . . . volunteer service in the United States and was not expected to do so. His only volunteer service was to be performed, and was performed, in Nigeria."

The hearing commissioner granted the motion to dismiss "[f]or want of jurisdiction", the full Commission affirmed the decision, and we granted Sorrels an appeal.

█ Under certain circumstances, coverage of the Act extends to injuries suffered in an accident "while the employee is employed elsewhere than in this State". Code § 65.1-61. Such coverage, however, is subject to a jurisdictional proviso: "Provided the contract of employment was not expressly for service exclusively outside of the State."

The Commission's jurisdictional ruling was based, in part, upon this proviso. While Sorrels acknowledges that the letters he received from the Board "indicate that [he] was to serve in Nigeria", he points out that "neither these letters nor any other document [expressly] state that [his] services will be exclusively performed outside of Virginia." Consequently, he concludes that the contract of employment does not divest the Commission of jurisdiction and that the Commission erred in dismissing his claim without a hearing on the merits. We disagree.

█ Apparently, Sorrels construes the proviso to contemplate a contract of employment in writing. Nothing in the common law or the provisions of the Workers' Compensation Act requires a

contract of employment to be in writing, and we do not believe that the word "expressly" as used in the proviso implies such a requirement. In the context in which it was used, it connotes nothing more than a meeting of the minds upon the exclusive situs of the workplace. We are of opinion the legislative intent was to exclude coverage of the Act when the parties to the employment contract mutually understood that no part of the employee's services was to be performed inside the Commonwealth.

■ Sorrels' application shows that he expected to work abroad. The letters he received from the Board identified the workplace as Nigeria and made no mention of work in Virginia. The Board's witness said that "[h]is only . . . service was to be performed . . . in Nigeria." Sorrels offered no evidence to show otherwise. Considering the uncontradicted evidence, the Commission found that the Board and Sorrels mutually understood "that the claimant's services were expressly to be performed exclusively outside of the Commonwealth of Virginia."

We hold that the evidence fully supports that finding, and we will affirm the order dismissing the claim.

*Affirmed.*