**Arlington**

BOARD OF SUPERVISORS OF HENRICO COUNTY, et al.

v.

JOSEPH H. TAYLOR

No. 0815-85

Argued November 19, 1985

Decided February 4, 1986

COUNSEL

Roger L. Williams (Sands, Anderson, Marks & Miller, on brief), for appellant.

Robert C. Metcalf (Parker, Pollard & Brown, on brief), for appellee.

OPINION

COLE, J.—This is an appeal by Lumbermens Mutual Casualty Company (Lumbermens), insurance carrier for Henrico County, which raises the following issues: (1) whether it was denied due process of law because it received no notice of a hearing at which its obligation to pay medical expenses for the claimant was established; (2) whether the claimant proved that his medical expenses were related to his November 12, 1979, accident; and (3) whether the Commission erred when it assessed attorneys' fees against Lumbermens. We hold that the Industrial Commission made the proper findings on each issue and we affirm.

On November 12, 1979, claimant, Joseph H. Taylor, injured his back while employed by Henrico County as an automobile mechanic. Henrico County (employer) and Lumbermens accepted the claim as compensable, and benefits were paid through April 16, 1980, at which time the award was terminated. On December 1, 1983, claimant filed an application for hearing alleging a change in condition, asserting that as a result of the ongoing effects of his November 12, 1979, back injury he had again suffered a period of work incapacity entitling him to disability benefits and medical expenses. At a hearing on January 17, 1984, claimant testified to the recurrent nature of his back problem, but also related that on April 26, 1983, while attempting to lift a brake drum onto a truck his back "just went out." Claimant contacted Lumbermens after this occurrence, and was instructed to see Dr. Henry Yancey, an orthopedic surgeon, who in turn referred him to Dr. William White, a neurologist.

Because Henrico County had become self-insured in February, 1980, Lumbermens presented two defenses at the January 17, 1984, hearing. First, it contended that claimant's medical expenses and work incapacity were unrelated to his 1979 injury, and

were instead the result of a new accident occurring on April 26, 1983. Second, it argued that if the claim stemmed from the 1979 injury, it was time-barred by the statute of limitations as set out in Code § 65.1-99.

By opinion dated January 23, 1984, the deputy commissioner found that the claimant's application for a change in condition was not timely filed and the application was denied. In view of this holding, he did not decide whether the claimant had suffered a new accident in April, 1983, or the question of responsibility for claimant's medical bills. Earlier awards of the Commission had determined that medical benefits were to continue as long as necessary.

On February 6, 1984, claimant filed an application alleging a new accident on April 26, 1983. A hearing was held on May 8, 1984, at which time Henrico County appeared and defended the claim. Lumbermens, however, received no notice of the hearing and did not appear. By opinion dated May 31, 1984, the claim was denied by the deputy commissioner, who found that the medical evidence failed to causally connect an injury to an incident occurring on April 26, 1983.

Claimant appealed the May 31, 1984, decision to the full Commission, which affirmed the decision of the deputy commissioner on September 21, 1984. The full Commission concluded that the claimant suffered from a progression of the injury sustained in the accident of November 12, 1979, and not from a new accident occurring on April 26, 1983. It further stated the following in its decision:

We note that the employer, Henrico County, has not, in its presentation of defense of this claim, included its former insurance carrier, Lumbermens Mutual Casualty Company. We do not include Lumbermens Mutual Casualty Company as a defendant in this opinion, although we state specifically that the employer continues to be responsible for payment of all necessary medical attention which the claimant may require arising out of the industrial accident of November 12, 1979.

Henrico County refused to pay claimant's medical expenses, maintaining that the medical expenses were the result of the recurrent 1979 injury and were the responsibility of Lumbermens. Lumbermens refused to pay the medical expenses, asserting in a letter to the Commission dated December 7, 1984, that the claimant's medical treatment was unauthorized, that the evidence was insufficient to show that claimant's medical expenses subsequent to April 26, 1983, were related to the 1979 accident, and that it was not bound by the September 21, 1984, decision of the Commission because it was not a party to that proceeding. The letter requested a hearing to determine whether the medical expenses claimed were related to the November 12, 1979, accident.

An evidentiary hearing was held on January 7, 1985, and Henrico County, Lumbermens and the claimant each appeared. Lumbermens was given a full opportunity to present evidence in support of its position.

By opinion dated January 18, 1985, the deputy commissioner held that there was no merit to Lumbermens' assertion that the claimant's treatment was unauthorized. The record shows that the claimant originally went to Dr. Henry Yancey on instruction from Lumbermens and that claimant's treatment thereafter by Dr. William White was the result of a direct referral by Dr. Yancey. The deputy commissioner concluded that Lumbermens knew or should have known that the treatment for which the claimant seeks reimbursement was authorized.

The deputy commissioner further found that despite the failure of the employer, Henrico County, to forward notice of the September 21, 1984, hearing to Lumbermens, by operation of Code §§ 65.1-109 and 65.1-111, Lumbermens was bound by the September 21, 1984, opinion of the Commission which determined that claimant's medical expenses were the result of his November 12, 1979, injury. Noting that the September 21, 1984, opinion stated that the insurance carrier was not included as a defendant in that hearing, the deputy commissioner reviewed the issue of causal relationship between the medical expenses and the 1979 accident. This review concluded that the evidence was sufficient to support the earlier finding that Lumbermens was responsible for the medical expenses incurred by the claimant since the reoccurrence of his back injury on April 26, 1983.

On the issue of attorneys' fees, the deputy commissioner noted that the September 21, 1984, opinion found Henrico County responsible for the payment of necessary medical expenses arising out of claimant's 1979 accident. Henrico County did not appeal but simply refused to pay, stating its belief that Lumbermens was responsible. The deputy commissioner found that the dispute between the employer and the insurance carrier did not excuse Henrico County from making payment pursuant to the Commission's order, and that pursuant to Code § 65.1-101, the claimant was entitled to attorneys' fees, since he had to retain counsel and file a new application.

Attorneys' fees were likewise assessed against Lumbermens for defending the claim without reasonable grounds. The deputy commissioner noted that in its letter of December 7, 1984, Lumbermens requested a hearing to "take evidence," yet at the hearing Lumbermens offered "absolutely no additional evidence." The deputy commissioner concluded that such circumstances indicated that appellant unreasonably defended the case and that attorneys' fees were warranted.

Lumbermens appealed the deputy commissioner's decision to the full Commission, which, on May 23, 1985, affirmed. The full Commission conceded that Lumbermens may have a valid complaint against the employer for not advising it of the May 8, 1984, hearing. However, under Code § 65.1-111, the carrier stands in the shoes of the employer with respect to the payment of medical bills, and it failed to do so. As to both the carrier and the employer, the Commission found that their defense of the claimant's request for payment of his medical bills was unjustified and unreasonable and the award of attorneys' fees was approved and increased, the carrier and the employer each to pay one-half.

On appeal to this Court, Lumbermens again submits that an examination of the existing medical evidence and the testimony of the claimant shows that the claimant failed to meet his burden of proving a causal connection between the current medical benefits sought and the November 12, 1979, injury, and that the evidence preponderates in proving the claimant suffered a new injury on April 26, 1983, and his medical expenses are a result therefrom.

█ It is well settled that where the findings of fact of the Commission are based on credible evidence, they are binding and con-

clusive upon this Court. *Jackson* v. *Loveland Distributing Co.,* 1 Va. App. 57, 58, 334 S.E.2d 148, 149 (1985) (per curium). "We do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence or the credibility of witnesses. If there is evidence or reasonable inference that can be drawn from evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact." *Caskey* v. *Dan River Mills, Inc.,* 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983); *Richmond Cold Storage Co.* v. *Burton,* 1 Va.App. 106, 111, 335 S.E.2d 847, 850 (1985). We are satisfied that the record contains adequate credible evidence in the form of doctors' reports and the claimant's own testimony to support the Commission's conclusion that claimant's medical expenses incurred subsequent to April 26, 1983, are causally related to his injury suffered on December 12, 1979. As to this issue, we affirm the opinion of the Commission.

 Lumbermens contends that it was denied due process of law because it was given no notice of the hearing held on May 8, 1984, and subsequent proceedings resulting in the decision of the full Commission on September 21, 1984. It is true that Lumbermens was not a party to these proceedings. However, on January 7, 1985, a hearing was held on the issue and Lumbermens was present at that hearing and given an opportunity to be fully heard. Following the hearing, the Commission held that based on Code §§ 65.1-109 and 65.1-111, the carrier was bound by the September 21, 1984, decision which found Henrico County responsible for the claimant's medical expenses. Code § 65.1-109 states that:

All policies insuring the payment of compensation under this Act must contain clauses to the effect that as between the employer and the insurer notice to or knowledge of the occurrence of the injury on the part of the insured employer shall be deemed notice or knowledge, as the case may be on the part of the insurer, that jurisdiction of the insured for the purposes of this Act shall be jurisdiction of the insurer, and that the insurer shall in all things be bound by and subject to the awards, judgments or decrees rendered against such insured employer.

Accordingly, the Commission held that notice to the employer is notice to the insurer and an award rendered against the employer for an accident occurring during the policy period of the insurer is an award against the insurer. The insurer is thus bound by the award even if the employer has not accorded the insurer notice of the hearing. The Commission found that this principle is evidenced by Code § 65.1-111 which provides:

No policy of insurance against liability arising under this Act shall be issued unless it contains the agreement of the insurer that it will promptly pay the person entitled to the same all benefits conferred by this Act and all installments of the compensation that may be awarded or agreed upon and that the obligation shall not be affected by any default of the insured after the injury or by any default in giving notice required by such policy or otherwise. Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation, enforceable in his name.

Lumbermens submits that these statutes are properly applicable to cases in which there is a community of interest between the employer and the insurer which sufficiently protects the rights of one where only the other received notice of the proceeding. It contends that in this case, rather than sharing a community of interest, the interests of the employer and the insurer were adverse and that to bind the insurer to a decision resulting from a hearing of which it received no notice nor opportunity to be heard offends traditional notions of fair play and substantial justice, constituting a denial of its right to due process of law.

We find no merit in this argument. It is unnecessary for us to reach in this case the issue whether the application of Code §§ 65.1-109 and 65.1-111 to parties having adverse interests constitutes a denial of due process of law. As noted above, the September 21, 1984, opinion by the Commission recognized that Lumbermens was not a party to that proceeding, and did not include it as a defendant in the opinion. In response to claimant's request for payment of his medical bills, Lumbermens raised the due process issue and requested an opportunity to present evidence. The request was granted at the January 7, 1985, hearing at which Lumbermens was given a full and fair opportunity to call witnesses,

confront the claimant and to present any new evidence it deemed relevant. The effect of this hearing was to make moot any argument by Lumbermens that it was denied due process of law.

As further evidence of the Commission's concern for Lumbermens' due process rights, the deputy commissioner chose not to rely solely on the operation of Code §§ 65.1-109 and 65.1-111. Acknowledging the language in the September 21, 1984, opinion which stated that Lumbermens was not a defendant in that proceeding, the deputy commissioner undertook what was in effect a *de novo* review of the evidence in the case and found it sufficient to warrant the conclusion that Lumbermens was responsible for the claimant's medical treatment. On review to the full Commission, these findings were affirmed.

There is nothing in the record to indicate, and Lumbermens has failed to demonstrate, a lack of due process in this case. Any potential for a denial of due process was remedied by the January 7, 1985, hearing. Further, the lack of any harm flowing from Lumbermens' absence at the May 8, 1984, hearing is demonstrated by the fact that Lumbermens offered no additional evidence when given the opportunity to do so at the January 7, 1985, hearing.

■ We believe that the foregoing analysis also addresses Lumbermens' claim that the award of attorneys' fees against it was unwarranted. Code § 65.1-101 states that:

> If the Industrial Commission or any court before whom any proceedings are brought or defended by the employer under this Act shall determine that such proceedings have been brought, prosecuted or defended without reasonable grounds, it may assess against the employer who has so brought, prosecuted or defended them the whole cost of the proceedings, including a reasonable attorney fee, to be fixed by the Commission.

Based on this section of the Code, the Commission determined that Lumbermens' action in refusing to pay the claimant's expenses on the basis of having been deprived of an opportunity to present evidence, but then failing to present any evidence after having been given the opportunity to do so constituted an unreasonable defense of the claim and awarded attorneys' fees.

Lumbermens contends that new evidence was introduced at the January 7, 1985, hearing; in particular it cites the introduction of the November 29, 1984, report of Dr. White. Our review of the record, however, indicates that the claimant filed the November 29 report of Dr. White, not Lumbermens. We find no new evidence introduced at the January hearing by Lumbermens.

What appears to be a dispute between the insurer and the employer resulting in the refusal of each to pay caused this claimant to continue to litigate his case beyond the point justified under the circumstances. Upon a review of these circumstances, the Commissioner determined that the refusal of both the employer and Lumbermens to pay the claimant's medical bills was unreasonable and unjustified and that an award of attorneys' fees was appropriate. We can not say that the Commission abused its discretion in finding that Lumbermens' defense of the claim was unreasonable.

The opinion of the Industrial Commission is affirmed.

*Affirmed.*

Duff, J., and Benton, J., concurred.