ROBERT BARTOW WORSHAM, JR.

v.

TRANSPERSONNEL, INCORPORATED

No. 0188-92-3

Decided February 9, 1993

COUNSEL

Deborah S. O'Toole (Cowan & Owens, on brief), for appellant.

C. Ervin Reid (Wright, Robinson, McCammon, Ostimer & Tatum, on brief), for appellee.

OPINION

**MOON, J.**—The sole issue on appeal is whether Transpersonnel Incorporated maintained its "place of business in this Commonwealth"

when Robert Bartow Worsham, Jr. was injured on September 17, 1990, while helping unload a truck at the Nabisco plant in Chicago, Illinois. Finding that the commission's decision that Transpersonnel did not maintain its place of business in Virginia is not plainly wrong, we affirm the dismissal of Worsham's claim.

Transpersonnel, Inc., an Illinois corporation, maintains its principal office in Milwaukee, Wisconsin. Transpersonnel is in the business of supplying interstate truck drivers to major companies. James N. Mills, Transpersonnel's eastern regional manager, testified that the company is a wholly owned subsidiary of Manpower, Inc. Transpersonnel is licensed to conduct business in Virginia, but has no offices or facilities in Virginia and does not pay any licensing fees in Virginia for trucks or equipment.

The trucks that Transpersonnel's employees drive for Nabisco are leased by Nabisco from Ryder, a truck rental and leasing company. No showing was made of any contact with Virginia by Transpersonnel, except for the Transpersonnel drivers going to Nabisco's plant and driving away a Ryder-owned truck carrying Nabisco products.

Worsham was employed as a long distance truck driver in 1976 by Affiliated Drivers, which had a contract with Nabisco. This contract provided that Affiliated Drivers would supply drivers to Nabisco, and these drivers would then transport Nabisco products in a vehicle provided by Nabisco. Transpersonnel assumed Affiliated Drivers' contract with Nabisco in 1983. Worsham thus became a Transpersonnel employee. He received his instructions from Transpersonnel's eastern regional office in Philadelphia, Pennsylvania. His paychecks were mailed to him at his home in Richmond from Transpersonnel's headquarters in Milwaukee.

The applicable statute dealing with jurisdiction over foreign injuries and employers is Code § 65.2-508, which provides in pertinent part:

When an accident happens while the employee is employed elsewhere than in this Commonwealth which would entitle him or his dependents to compensation if it had happened in this Commonwealth, the employee or his dependents shall be entitled to compensation, if:

(1) The contract of employment was made in this Commonwealth; and

(2) The employer's place of business is in this Commonwealth;

provided the contract of employment was not expressly for service exclusively outside of the Commonwealth.

The parties agree that the contract of employment was made in Virginia and that the services were not to be performed exclusively outside of this state. Thus, the issue is whether "the employer's place of business is in this Commonwealth." The term, "employer's place of business," is not defined in this title. Thus, we consider the term to determine its meaning, bearing in mind that the Workers' Compensation Act is remedial in nature and is to be construed in the light most favorable to the employee.

In *Coldtrain v. Starco, Inc.* 65 O.I.C. 19 (1986), the commission found that a foreign employer maintained a place of business in Virginia when the employer merely maintained a storage trailer, that may have been used for clerical work at a job site in Quantico. The case involved a North Carolina corporation with its principal place of business in North Carolina.

■ We conclude that because the General Assembly used the term, "employer's place of business," it contemplated something other than the employer merely conducting business in the Commonwealth.

Worsham suggests that Nabisco is also Transpersonnel's place of business. However, this record does not contain proof of any facts concerning Transpersonnel's operation at Nabisco. Worsham was not required to live in Virginia. At the direction of his employer's dispatcher, who was located in Philadelphia, he would go to the Nabisco Company, pick up a load and usually drive it outside the Commonwealth. We do not decide in this case the precise meaning of the term, "employer's place of business." Instead, we merely hold that on the record before us concerning Transpersonnel's contact with Virginia, the commission was not plainly wrong in finding that Worsham did not prove that Transpersonnel's "place of business" at the time of the accident was in Virginia.

Accordingly, we affirm the judgment of the commission.

*Affirmed.*

Elder, J., and Fitzpatrick, J., concurred.