COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Beales and Alston
Argued at Alexandria, Virginia


OSCAR ANAGUA
                                                                OPINION BY
v.       Record No. 0393-11-4              JUDGE JAMES W. HALEY, JR.
                                                           JANUARY 31, 2012
RAFAEL SOSA AND
  UNINSURED EMPLOYER'S FUND


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Andrew S. Kasmer for appellant.

            Douglas A. Seymour (Siciliano, Ellis, Dyer & Boccarosse PLC, on
            brief), for appellee Uninsured Employer's Fund.

            No brief or argument for appellee Rafael Sosa.


                              I.  INTRODUCTION

        Code § 65.2-508(A), refining the jurisdiction of the Workers' Compensation

Commission, reads in pertinent part:

            When an accident happens while the employee is employed
            elsewhere than in this Commonwealth which would entitle him or
            his dependents to compensation if it had happened in this
            Commonwealth, the employee or his dependents shall be entitled
            to compensation, if:

            1. The contract of employment was made in this Commonwealth;
            and

            2. The employer's place of business is in this Commonwealth;

            *provided the contract of employment was not expressly for service
            exclusively outside of the Commonwealth.*

(Emphasis added).

On appeal, Oscar Anagua (claimant) argues that the commission erred in dismissing his claim for lack of jurisdiction because the commission had jurisdiction under Code § 65.2-508 and that appellee failed to meet his burden of proof that the contract of hire was solely for services to be performed "exclusively" outside of Virginia. The dispositive jurisdictional issue here for resolution is whether the commission properly determined that claimant's contract was for services exclusively to be rendered outside the Commonwealth. We affirm the commission.

## II. BACKGROUND

The relevant facts can be succinctly stated.

Claimant's friend, one Cejas, had given claimant's telephone number to an individual named Sosa. On June 22, 2009, Sosa called claimant at his home in Fairfax County and offered him work on a project in Delaware. No length of employment was ever discussed nor was any project other than the one in Delaware. Claimant had never met or talked to Sosa before.

The same day claimant, one Vasquez, and Cejas met Sosa at a Home Depot in Fairfax County, Virginia and immediately proceeded to Delaware in Sosa's van. Claimant was to be paid $15 per hour for working 10 hours per day. Sosa gave claimant a business card for future contact. Sosa apparently worked out of his home in Fairfax County.

While doing drywall work in Delaware, claimant fell off a ladder and was injured. Sosa, claimant, and the other workers were all present in Delaware at the time of the accident.

At the hearing before a deputy commissioner, the following exchanges occurred during claimant's testimony:

> Q. And, what was your understanding of how long you were going to work for him?
>
> A. He didn't tell me anything about that.
>
>       *     *     *     *     *     *     *

Q. Mr. Anagua, at the deposition, I asked you, when you were hired by Mr. Sosa, were you hired just to work at the Delaware job site? And, your response was, yes. Correct?

A. Yes.

　　　　*　　*　　*　　*　　*　　*　　*

Q. Mr. Anagua, you received this business card from Rafael Sosa. Correct?

A. Yes.

Q. And you received it from him, because you asked for the business card. Correct?

A. Yes, I asked him, so I could call him, you know, for anything.

Q. Call, call him in case he had future, some sort of future job for you?

A. Yes . . . .

Q. So, after the job in Delaware was finished, if you were looking for work, you could call Mr. Sosa?

A. Yes, that's why I always ask for cards.

　　　　*　　*　　*　　*　　*　　*　　*

Q. And he hired you to work in the, for the Delaware job. Correct?

A. Yes.

Emiliano Vasquez, the co-worker, likewise testified:

Q. And, at the time you were hired, where was Mr. Sosa doing business out of?

A. He was on Route 1, Delaware.

　　　　*　　*　　*　　*　　*　　*　　*

Q. [A]nd the first job he took you to was where?

A. Delaware.

- 3 -

Q. And, Mr. Sosa hired you to work in Delaware.  Correct?

A. Correct.[1]

The deputy commissioner and a majority of the commission concluded that claimant's contract was exclusively for services to be rendered outside the Commonwealth and that accordingly the commission was without jurisdiction to make an award.  The commission wrote: "We find that the contract of hire was only for work outside of the Commonwealth. . . . We find that the evidence shows that the claimant was only hired for the Delaware job."  With this finding of fact, the commission dismissed the application.

### III.  ANALYSIS

"Jurisdiction over workers' compensation claims in Virginia is governed by statute." Pro-Football Inc. v. Paul, 39 Va. App. 1, 7, 569 S.E.2d 66, 70 (2002).  We are bound by a finding of the commission that it had, or had not, jurisdiction to hear the claim, unless such a finding be plainly wrong or without evidence to support it.  CLC Constr., Inc. v. Lopez, 20 Va. App. 258, 264, 456 S.E.2d 155, 157 (1995); Worsham v. Transpers., Inc., 15 Va. App. 681, 683, 426 S.E.2d 497, 499 (1993).  "[W]here the findings of fact of the Commission are based on credible evidence, they are binding and conclusive upon this Court."  Bd. of Supervisors of Henrico County v. Taylor, 1 Va. App. 425, 430-31, 339 S.E.2d 565, 568 (1986).  This Court must evaluate the evidence in the light most favorable to the party prevailing before the commission—the employer in this case.  R. G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

In de la Rosa Herrera v. Martin, 49 Va. App. 469, 477, 642 S.E.2d 309, 313 (2007), the jurisdictional fact was whether *a contract had come into existence*.  We wrote:  "[W]e hold that

---

[1] At the time of the hearing, Mr. Sosa's whereabouts were unknown.

an employment contract, as contemplated by Code § 65.2-508(A), did not exist. Thus, we agree that the commission did not have jurisdiction to entertain this claim, and we affirm the commission." Id.

In Worsham, 15 Va. App. at 683, 426 S.E.2d at 498, a fact necessary to invoke jurisdiction pursuant to Code § 65.2-508(A)(2) was whether the employer *had a "place of business"* in the Commonwealth. We affirmed the commission's finding of fact that the employer did not, which had resulted in dismissal of the application. Id. at 683, 426 S.E.2d at 499.

In Sorrels v. Foreign Mission Board of the Southern Baptist Convention, 227 Va. 6, 8-9, 313 S.E.2d 370, 371-72 (1984), the Virginia Supreme Court wrote in a *per curiam* opinion:

> Under certain circumstances, coverage of the Act extends to injuries suffered in an accident "while the employee is employed elsewhere than in this State." Code § 65.1-61 [now § 65.2-508]. Such coverage, however, is subject to a jurisdictional proviso: "Provided the contract of employment was not expressly for service exclusively outside of the State."
>
> \*    \*    \*    \*    \*    \*    \*
>
> . . . We are of the opinion the legislative intent was to exclude coverage of the Act when the parties to the employment contract mutually understood that no part of the employee's services was to be performed inside the Commonwealth.

A commentary notes that under Virginia law coverage "applies to out-of-state injuries only if the place of contract and the employer's place of business are both within the state—and not even then if the contract is for services exclusively outside the state." 9 Arthur Larson & Lex K. Larson, Larson's Workers Compensation Law § 143.01[2] (2004).

On brief, claimant writes that "[t]he statute does not set forth which party bears the burden of proof" and argues "the burden of proof was on the employer to establish" that the contract was for services exclusively outside Virginia. In support of this proposition, he relies

upon Craddock Moving and Storage Co. v. Settles, 16 Va. App. 1, 427 S.E.2d 428 (1993). That reliance is misplaced. Craddock dealt with the burden of establishing whether a putative employer did not have "regularly in service less than three employees," and allocated that burden to the employer. Id. at 3, 427 S.E.2d at 430; see also Code § 65.2-101(4)(2)(h).

We do observe that several cases have addressed the question of which party bears the burden of proof as to the jurisdictional elements of Code § 65.2-508.

In CLC Construction, Inc., this Court wrote:

> In order for jurisdiction to lie in Virginia, *a claimant must show* that (1) his contract of employment was made in Virginia; and (2) the employer's place of business is in Virginia, provided the contract of employment was not expressly for service exclusively performed outside of Virginia. We are bound by the commission's finding that it had jurisdiction . . . unless we find that the commission was plainly wrong in concluding that *Lopez's evidence proved* both of these elements.

20 Va. App. at 263-64, 456 S.E.2d at 157 (citation omitted and emphasis added). See also de la Rosa Herrera, 49 Va. App. at 475, 642 S.E.2d at 312 ("*[H]errera failed to prove* there was a contract" in existence in Virginia. (emphasis added)); Worsham, 15 Va. App. at 683, 426 S.E.2d at 499 ("[T]he commission was not plainly wrong in finding that *Worsham did not prove* that Transpersonnel's "place of business" at the time of the accident was in Virginia." (emphasis added)).

We further note that the *proviso* in Code § 65.2-508(A)(2) has been uniformly considered by the commission as a portion of the claimant's burden of proof to invoke the jurisdiction of the Act. See Williamson v. F. Garcia/Fortino Garcia & Sons, No. 212-51-13, 2004 Va. Wrk. Comp. LEXIS 912, at *10 (Nov. 8, 2004) ("We find that the claimant's testimony . . . *satisfies his burden of proving* that the contract of employment was not expressly for service outside the state of Virginia." (emphasis added)); Wimbish v. Caliper, Inc., No. 184-36-72, 2002 Va. Wrk. Comp. LEXIS 1478, at *3 (Aug. 29, 2002) ("The claimant *failed to prove* that the contract of

employment was not for service exclusively outside of Virginia." (emphasis added)); see also

Flores v. D B & A General Contractors, Inc., 79 O.W.C. 24 (2000); Mohamed v. BDM Fed.,

Inc., No. 168-34-55, 1995 Wrk. Comp. LEXIS 954 (Mar. 7, 1995).

While "the commission's conclusions of law are not binding on this Court," Thomas

Refuse Serv. v. Flood, 30 Va. App. 17, 20, 515 S.E.2d 315, 317 (1999), when interpreting

provisions of the Workers' Compensation Act, "'[w]e follow the settled rule that the construction

accorded a statute by public officials charged with its administration is entitled to be given

weight by the courts. Indeed, [this Court] has said that the Commission's construction of the

Workers' Compensation Act should be given "great" weight.'" Sturtz v. Chesapeake Corp., 38

Va. App. 672, 675, 568 S.E.2d 381, 383 (2002) (quoting Bohle v. Henrico County School Bd.,

246 Va. 30, 35, 431 S.E.2d 36, 39 (1993)). That deference, nonetheless, is tempered:

> "[a]lthough the practical construction given to a statute by public officials charged with its enforcement is entitled to great weight by the courts and in doubtful cases will be regarded as decisive, when an issue involves a pure question of statutory interpretation, that issue does not invoke the agency's specialized competence but is a question of law to be decided by the courts."

Diaz v. Wilderness Resort Assn'n, 56 Va. 104, 114, 691 S.E.2d 517, 522 (2010) (quoting

Commonwealth v. Baker, 275 Va. 529, 536, 659 S.E.2d 502, 508 (2008)); see also Ford Motor

Co. v. Gordon, 281 Va. 543, 549, 708 S.E.2d 846, 850 (2011) ("An issue of statutory

interpretation is a pure question of law which we review de novo."); Prince William County

School Bd. v. Rahim, 58 Va. App. 493, 500, 711 S.E.2d 241, 244 (2011) (en banc).

Those cases noted, we find it unnecessary to address claimant's argument concerning the

allocation of the burden of proof, for the following reasons.

First, there is *no evidence* in the record that any contract between Sosa and claimant

involved work in Virginia. Irrespective of whether claimant had the burden of production, or the

burden of persuasion, or either or both burdens lay with the employer, the only evidence is that

the only contract in existence was for work in Delaware alone.  As the <u>Sorrels</u> Court wrote: "Considering the *uncontradicted* evidence, the Commission found that the Board and Sorrels mutually understood 'that the claimant's services were expressly to be performed exclusively outside of the Commonwealth of Virginia.'"  227 Va. at 9, 313 S.E.2d at 372 (emphasis added). That observation here applies.

In addition, we are bound by the commission's findings of fact in this case that ultimately decide the question of jurisdiction, quoted above, if the same is supported by credible evidence. That finding is amply supported by the record.  <u>See</u> <u>de la Rosa Herrera</u>, 49 Va. App. at 475, 642 S.E.2d at 312; <u>Pro-Football, Inc.</u>, 39 Va. App. at 7, 569 S.E.2d at 69-70; <u>CLC Constr., Inc.</u>, 20 Va. App. at 264, 456 S.E.2d at 157; <u>Worsham</u>, 15 Va. App. at 683, 426 S.E.2d at 499.

Finally, based upon the doctrine of <u>Massie v. Firmstone</u>, 134 Va. 450, 462, 114 S.E. 652, 656 (1922), claimant "cannot be heard to ask that his case be made stronger than he makes it, where, as here, it depends upon facts within his own knowledge and to which he has testified." Here, as quoted above, claimant testified the existing contract was for work in Delaware alone.

The commission appropriately relied on this testimony and a number of pieces of credible evidence, <u>Taylor</u>, 1 Va. App. at 430-31, 339 S.E.2d at 568, when it concluded that the last prong of Code § 65.2-508(A) was not met and stated:  "We find that the contract of hire was only for work outside of the Commonwealth."  The commission therefore concluded that jurisdiction was improper.  Not only did claimant admit *multiple* times in his testimony that he was hired only for the Delaware job, but the only work actually performed by claimant for appellee was in Delaware.  Also, Vasquez's testimony indicated that he and claimant were hired because appellee needed additional workers for a Delaware job.  Furthermore, claimant testified that he asked for appellee's business card so that he could contact him about future work after the Delaware job concluded.  Any one of these pieces of evidence would have sufficed as credible

evidence supporting the commission's factual finding.  All together, they clearly support the commission's finding and are thus binding on this Court.  <u>Taylor</u>, 1 Va. App. at 430-31, 339 S.E.2d at 568.

For these reasons, the decision of the commission is affirmed.

<u>Affirmed.</u>