JOHN R. BROWN

v.

TIDEWATER CONSTRUCTION CORPORATION

AND

LIBERTY MUTUAL INSURANCE COMPANY

No. 2562-93-2

Decided February 21, 1995

Counsel

B. Mayes Marks, Jr. (Marks and Harrison, P.C., on brief), for appellant.

R. Ferrell Newman (Glenn S. Phelps; Thompson, Smithers, Newman & Wade, on brief), for appellees.

Opinion

**COLE, S.J.**—John R. Brown (claimant) appeals a decision of the Workers' Compensation Commission finding that he was not entitled to temporary total disability benefits after April 3, 1992, because he failed to prove that he reasonably marketed his residual work capacity. We reverse for the reasons that follow.

■ On review, we construe the evidence in the light most favorable to the party prevailing below. *R.G. Moore Bldg. Corp. v. Mullins*, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings of the commission will be upheld on appeal if supported by credible evidence. *James v. Capitol Steel Constr. Co.*, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). However, we are also bound by the principle that "where there is 'no conflict in the evidence, the question of the sufficiency thereof is one of law.'" *Eccon Constr. Co. v. Lucas*, 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981) (quoting *City of Norfolk v. Bennett*, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965)).

On January 2, 1992, the claimant, a twenty-six year old laborer, injured his lower back and right hip while working for Tidewater Construction Corporation (employer). Employer accepted the claim as compensable, and, on July 28, 1992, the commission entered an award solely for medical benefits for causally-related treatment. No other benefits were awarded because Brown continued to work in a light duty capacity with full pay until

April 3, 1992, when his employment was terminated.

On May 18, 1992, and November 16, 1992, the claimant filed applications seeking payment of temporary total disability beginning April 4, 1992, the date he was laid off from work. At the evidentiary hearing, employer defended on the grounds that claimant's disability beginning on April 4, 1992, was not causally related to the January 2, 1992 accident, and that the claimant was barred from receiving compensation benefits because he made a material misrepresentation on his employment application concerning his health. The deputy commissioner concluded that "[t]here is no evidence of an adequate marketing effort by the claimant after he was laid off in April 1992." He did not explain how he arrived at this conclusion in light of the fact that the testimony of the claimant was uncontroverted and unimpeached in any manner. The employer's attorney fully cross-examined the claimant but did not challenge the list of contacts produced by him.

On review, the full commission made the following findings:

He is a 28-year-old high school graduate whose experience apparently is limited to laboring work. The claimant also suffers from a severe speech impediment. Following his release to return to light work, he registered with the Virginia Employment Commission and followed up on leads provided through that agency. The claimant also reviewed newspaper want ads and began a systemic telephone survey of employers in the area. He produced a list of some 303 prospective employers whom he contacted between July 15, 1992, and May 12, 1993. This encompasses a period of some 43 weeks for an average of approximately seven potential employers contacted per week. However, of these employers, the claimant filed only two employment applications and both of those on the same day.

Based upon these findings of fact, the commission found from the record that the claimant failed to market his residual work capacity. The commission also decided that the claimant's injury was causally related to the accident and that no material misrepresentation in his employment application had been proved. The only question raised on this appeal is whether the claimant proved that he exercised a reasonable effort to market his residual work capacity.

The commission gave several reasons for its decision. First, the commission said that it was "odd" that Brown contacted 300 potential employers, but filed only two applications. However, the commission agreed that it was not necessary for the claimant to show an actual application for employment before the contact with a specific employer could be considered in conjunction with a job search issue. We agree with this statement. The claimant testified that many of the employers he contacted told him they could not hire him "for insurance purposes" after he told them about the injury to his lower back. In seeking to market one's residual work capacity, it is certainly required that a prospective employer be told of all the medical restrictions placed upon a prospective employee by virtue of an injury. Brown was under a twenty to thirty pound lifting restriction and could not for prolonged periods stand, bend, stoop, walk, or sit. These restrictions greatly limited the number of light duty jobs that Brown, a laborer, was capable of performing. Furthermore, the record does not suggest that employers accept applications from a person seeking light duty employment as a houseman, stocker, busboy, crewperson, dishwasher, bagger, and like jobs.

Second, the commission found that the claimant's testimony on the number of employers contacted was not persuasive. The commission found as a fact that the claimant contacted 300 potential employers. We would consider this finding highly persuasive to show that he made a reasonable effort to market his residual capacity.

Third, the commission opined that if the claimant contacted some of the prospective employers in person, it was highly unlikely that these employers would have been contacted in alphabetical order. The commission conceded that if the claimant used the telephone to contact prospective employers who operated the same type of business, this would explain the alphabetical listing. The record does not support the statement that the list of contacts made by the claimant is in alphabetical order. A review of the list shows that it is not alphabetical, but chronological. The alphabetical nature of certain contacts on the list is consistent with Brown's testimony that he contacted some of the employers by telephone, compatible with the use of alphabetical telephone listings. The fact that Brown lived in a rural area during most of his job search made marketing his residual work capacity more difficult and

would logically require the use of the telephone to make contacts.

Lastly, the commission said that a number of the jobs for which Brown applied were cashier or salesperson positions and that communication would have been difficult based on his stuttering condition observed at the hearing. Brown's medical restrictions made employment in any job difficult. A cashier or salesperson is the type of light duty job that might fall within the restrictions. The commission failed to consider that Brown's severe stuttering condition would have been apparent in any pre-employment face-to-face interview and would have been a factor that employers would weigh for every type of employment, even had he visited prospective employers and filed an application. Further, the evidence does not indicate the availability of any light duty jobs in the area that were appropriate for Brown in view of his lack of education and experience and his physical restrictions.

■ The only evidence presented concerning the effort made by Brown to market his residual capacity came from Brown himself. His testimony was uncontroverted and unimpeached. In *Morris v. Badger Powhatan/Figgie Int'l, Inc.*, 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986), we said that "[t]he trier of fact must determine the weight of the testimony and the credibility of the witnesses, but it may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in the record." *See also Payne v. Master Roofing & Siding, Inc.*, 1 Va. App. 413, 414, 339 S.E.2d 559, 560 (1986).

■ In *Cibula v. Allied Fibers & Plastics*, 14 Va. App. 319, 416 S.E.2d 708 (1992), *aff'd*, 245 Va. 337, 428 S.E.2d 905 (1993), we stated the following:

> This appeal does not present a case of conflicting evidence or a dispute concerning the commission's findings of fact. When the issue is the sufficiency of the evidence and there is no conflict in the evidence, the issue is purely a question of law. This Court is not bound by the legal determinations made by the commission. "[W]e must inquire to determine if the correct legal conclusion has been reached."

14 Va. App. at 324, 416 S.E.2d at 711 (quoting *Bennett*, 205 Va. at 880, 140 S.E.2d at 657) (citations omitted). In *Stancill v. Ford*

*Motor Co.*, 15 Va. App. 54, 58, 421 S.E.2d 872, 874 (1992), we stated that "[w]hen . . . there is no conflict in the evidence or where there is no credible evidence to support the commission's factual findings, the question is the sufficiency of the evidence, which is a question of law."

We find that the evidence in this case is uncontradicted and unimpeached. We further find that the testimony of the claimant is not inherently incredible. Therefore, we must inquire to determine if the correct legal conclusion has been reached by the commission. From our review of the record, we find that the commission did not properly consider the claimant's credible evidence and did not reach the correct legal conclusion when it found that the claimant did not make a reasonable effort to market his remaining work capacity. Accordingly, we find as a matter of law that Brown's evidence sustained his burden of proof to show that he did use a reasonable effort to market his residual work capacity. We reverse the commission's decision and remand to the commission to enter an appropriate award consistent with this opinion.

*Reversed and remanded.*

Baker, J., and Benton, J., concurred.