COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia


BAGBY ELECTRIC OF VIRGINIA, INC.,
 MERCHANTS OF VIRGINIA GROUP
 SELF-INSURANCE ASSOCIATION AND
 TRIGON ADMINISTRATORS
                                     MEMORANDUM OPINION[*] BY
v.    Record No. 1069-97-2          JUDGE JERE M. H. WILLIS, JR.
                                          NOVEMBER 25, 1997
WILLIAM BARRY CLARK


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Bradford C. Jacob (R. Temple Mayo; Taylor &
              Walker, P.C., on brief), for appellants.

              Laura Ann McDonald (Geoffrey R. McDonald,
              P.C., on brief), for appellee.


     On appeal, Bagby Electric of Virginia, Inc., Merchants of

Virginia Group Self-Insurance Association and Trigon

Administrators (Bagby) contend that the Workers' Compensation

Commission erred as a matter of law in finding that William Barry

Clark adequately marketed his residual work capacity.  We

disagree and affirm the award.

     On January 18, 1994, Clark suffered a compensable industrial

injury.  At the time of the accident, Clark was forty-three years

old and was employed by Bagby as a journeyman electrician.  His

educational background included high school and one-and-a-half

years of college.  His employment history included bagging

groceries, delivering newspapers, cutting meat, selling

--------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

automobile parts and service in the United States Army.

In August, 1995, after receiving medical treatment, Clark returned to light duty work at Bagby. He was laid off in January, 1996. On July 1, 1996, he began looking for a position that "didn't involve a lot of lifting, that would also allow [him] to kind of sit, and stand, or move around when [he] experienced discomfort."

Between July 1, 1996, and August 9, 1996, Clark contacted thirty-six employers. He made those contacts without prior knowledge of any specific job openings, either while he was shopping or while actively searching for a job. The prospective employers included grocery stores, pharmacies, auto parts and hardware stores, bakeries, and general stores. If a prospective employer expressed interest, Clark explained his physical limitations. From those contacts, Clark completed one job application, at an auto parts store.

Based upon Clark's level of education and upon his ignorance of job opportunities at the contacted businesses, the deputy commissioner ruled that Clark had failed to market his residual capacity adequately. The full commission reversed, ruling that the uncontradicted evidence "reflected that [Clark] commenced a concerted and good faith effort" in seeking a job.

To continue to receive benefits under the Workers' Compensation Act, an injured employee must make reasonable efforts to market his or her remaining work capacity. Virginia

Wayside Furniture, Inc. v. Burnette, 17 Va. App. 74, 78, 435 S.E.2d 156, 159 (1993). In National Linen Serv. v. McGuinn, 8 Va. 267, 380 S.E.2d 31 (1989), we held that:

> [I]n deciding whether a partially disabled employee has made a reasonable effort to find suitable employment commensurate with his abilities, the commission should consider such factors as: (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

Id. at 272, 380 S.E.2d at 34 (footnotes omitted). Thus, the reasonableness of a claimant's job search depends upon the facts and circumstances of each case. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 467, 359 S.E.2d 98, 102 (1987).

Clark testified that between July 1, 1996, and August 9, 1996, he interviewed thirty-six prospective employers concerning job opportunities. He considered himself "trainable" and sought primarily a sales position. While he filled out only one job application, "the record does not suggest that employers accept applications from a person seeking light duty employment . . . ." Brown v. Tidewater Constr. Co., 19 Va. App. 676, 679, 454 S.E.2d 42, 43 (1995). Clark testified also that he planned to follow up with several of the prospective employers regarding possible employment opportunities.

Bagby contends that "cold calls," or job interviews without

an appointment, constituted an unacceptable method of marketing Clark's residual capacity to work. However, the record is silent as to the efficacy of unsolicited and personal job contacts. Furthermore, we recognize that many entry level positions are secured by direct contact with employers, and without formal announcement of job vacancies.

Next, Bagby contends that Clark sought jobs for which he was not qualified. Clark acknowledged that the physical requirements for selling auto parts could "get out of hand" and that stocking merchandise might pose "a great problem" for him in some cases. However, he testified that he was capable of performing these tasks.

Finally, Bagby contends that Clark's job search amounted to a "casual inquiry." Clark admitted that for six months he did not look seriously for a job. He did not seek, and was not awarded, compensation for this period. There was no proof that he registered with the Virginia Employment Commission or read the classified newspaper advertisements. Yet, the commission found that he had engaged in a "good faith effort" to find a job. Clark's prior experience in selling auto parts, working in a grocery store and operating a cash register led him to pursue such work, when his injury precluded him from continuing in his regular trade.

In determining whether a claimant adequately marketed his capacity to work, we construe the evidence in the light most

favorable to the party prevailing below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Where there is no conflict in the evidence, the sufficiency of the evidence is an issue of law.  Brown, 19 Va. App. at 680-81, 454 S.E.2d at 44.  The evidence in this case is uncontradicted. Clark's testimony is not inherently incredible.  The record supports the commission's finding that Clark marketed his residual work capacity adequately.  Accordingly, we affirm the commission's award.

Affirmed.