COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia


HOME ENTERTAINMENT VIDEO AND
 NATIONWIDE MUTUAL INSURANCE COMPANY
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 1394-97-2          JUDGE ROSEMARIE ANNUNZIATA
                                        DECEMBER 9, 1997
KAREN L. TOOMBS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               William F. Karn (William B. Pierce, Jr.;
               Pierce & Howard, P.C., on brief), for
               appellants.

               No brief or argument for appellee.


     Home Entertainment Video (employer) and its insurer appeal

the decision of the full commission awarding benefits to Karen L.

Toombs (claimant) on the basis that claimant's injury is not

causally related to her compensable accident.  Finding no error

in the commission's decision, we affirm.

     Claimant's injury in this case arose while shoveling snow at

her place of employment on February 2, 1996.  As she tried to

lift the snow-filled shovel, she experienced a pain in her back.

 She was examined several days later by orthopaedic surgeon,

Dr. Jeffrey K. Wilson, who diagnosed a lumbar strain.  Claimant

had previously sought treatment for back pain from Dr. Wilson in

August 1993.  In his record of the August 1993 visit, Dr. Wilson

states that he had seen claimant in 1990, "at which time she had

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

a mild right I5 radiculopathy and spondylolysis[1] at the L5-S1 level" but no other significant abnormality.

In conjunction with the February 1996 injury, claimant was treated with an epidural steroid injection on April 16, 1996 to resolve pain which had persisted since the accident. Subsequently, Dr. Wilson described claimant's spondylolisthesis as "chronically symptomatic," and referred claimant to Dr. David C. Urquia, another orthopedic surgeon.

Subsequent to his diagnosis that claimant suffered from pars defects and spondylolisthesis, Dr. Urquia performed fusion surgery on June 14, 1996. Dr. Urquia stated that the lumbar strain, which the claimant suffered as a result of her accident, had resolved by April 16, 1996. In his opinion, the claimant's continuing pain resulted from either chronic wear and tear or a congenital condition and he considered it "very unlikely that minor trauma such as a back strain from shovelling snow would have produced bilateral pars defects."

Claimant returned to work on August 29, 1996. On September 5, 1996, she filed a claim for benefits for the period June 14, 1996 to August 28, 1996. The deputy commissioner issued an opinion in which he denied claimant's claim for benefits,

_____

[1] "Spondylolysis" is defined as "dissolution of a vertebra." Dorland's Illustrated Medical Dictionary 1563 (1994). "Spondylolisthesis" is defined as "forward displacement (olisthy) of one vertebra over another, usually of the fifth lumbar over the body of the sacrum, or of the fourth lumbar over the fifth, usually due to a developmental defect in the pars interarticularis." Id.

2

concluding that "the claimant's pre-existing back condition, rather than any aggravation of it by her accident[,] was the cause of claimant's medical problems and disability after April 16, 1996." On May 28, 1997, the full commission reversed the decision of the deputy commissioner. It is from this decision that employer appeals.

On appellate review, we view the evidence in the light most favorable to the party prevailing below. Brown v. Tidewater Constr. Corp., 19 Va. App. 676, 677, 454 S.E.2d 42, 42 (1995) (citing R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990)). Generally, "'[t]he actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding.'" CLC Constr., Inc. v. Lopez, 20 Va. App. 258, 265, 456 S.E.2d 155, 158 (1995) (quoting Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989)).

It is firmly established in Virginia law that "the employer takes the employee as the employer finds the employee, even where the employee suffers some physical infirmity." Williams Indus., Inc. v. Wagoner, 24 Va. App. 181, 187-88, 480 S.E.2d 788, 791 (1997) (citing Kemp v. Tidewater Kiewit, 7 Va. App. 360, 363, 373 S.E.2d 725, 726 (1988)). Following this axiom, the Virginia Supreme Court has held that an injury which aggravates or accelerates a pre-existing condition is compensable. Ohio Valley Constr. Co. v. Jackson, 230 Va. 56, 58, 334 S.E.2d 554, 555

3

(1985).

In evaluating the sufficiency of the evidence to support the commission's finding, we must determine whether the evidence establishes more than a "purely theoretical possibility of aggravation and causal connection." Eccon Constr. Co. v. Lucas, 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981). "If it is just as likely that the disabling condition resulted from a cause which is not compensable as it is that it resulted from an accident covered by the Worker's Compensation Act, the employee has failed to establish the requisite causal connection." King's Market v. Porter, 227 Va. 478, 484, 317 S.E.2d 146, 149 (1984) (citing Carter v. Hercules Powder Co., 182 Va. 282, 288, 28 S.E.2d 736, 738 (1944)). In other words, the claimant must establish causality by a preponderance of the evidence.

The finder of fact may determine what weight to assign to expert opinion, even if that opinion is uncontradicted. Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc) (citing Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986)). Furthermore, "causation between an injury and a disability need not be established by the testimony of a medical expert." Turcios v. Holiday Inn Fair Oaks, 24 Va. App. 509, 517, 483 S.E.2d 502, 506 (1997) (citing Dollar General Store v. Cridlin, 22 Va. App. 171, 177, 468 S.E.2d 152, 154-55 (1996)).

Applying these principles, we find that the commission's

4

finding of causation is supported by the evidence.  While the medical records from 1993 indicate that claimant had "spondylolysis at the L5-S1 level" and degeneration of the L5-S1 disc with central bulging, as the commission noted, no evidence showed that claimant's back problems caused her any work disability prior to her accident.  Furthermore, claimant had not been treated for back pain from 1993 to the time of the accident.  After the February 2, 1996 accident, Dr. Wilson diagnosed her problem as lumbar strain.  Dr. Urquia also recognized that, while claimant had "a chronic history of symptoms, . . . the last three months have been worsening [in] pain."

Based on claimant's testimony, and the medical records from 1993 as well as those related to the accident, the commission reasoned that claimant did not have significant back pain until the accident, when more serious back pain developed and concluded that "this is one of those rare and unusual cases alluded to by Dr. Urquia" where shovelling snow had caused a more serious back injury "superimposed upon a pre-existing condition."  The credible evidence supports the commission's finding that claimant's compensable accident aggravated claimant's pre-existing back condition, causing claimant chronic back pain, and we affirm.

<u>Affirmed.</u>

5