COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


GIODAN, INC., ET AL.

MEMORANDUM OPINION[*] BY
v.   Record No. 1302-97-4      JUDGE ROSEMARIE ANNUNZIATA
                                JANUARY 13, 1998
MERCEDES MENDEZ

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              William H. Schladt (Ward & Klein, Chartered,
              on brief), for appellants.

              Manuel R. Geraldo (Robinson and Geraldo, on
              brief), for appellee.


     Giodan, Inc. (employer) and its insurer, Great American

Insurance Company, appeal the Workers' Compensation Commission's

award of total temporary disability benefits to Mercedes Mendez

(claimant), contending that claimant's back injury is not

causally related to his compensable knee injury.  Finding no

error, we affirm.

     Claimant is an unskilled laborer from El Salvador who speaks

only Spanish, and cannot read or write in any language.  He was

involved in a work-related accident on April 14, 1995, prior to

the time he was hired by employer.  After receiving treatment, he

returned to light duty.  Upon his return to regular work,

claimant re-injured himself on July 7, 1995.  On July 28, 1995,

Dr. Neil Kahanovitz diagnosed claimant with "purely mechanical"

---

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

low back pain.  On November 2, 1995, Dr. Kahanovitz noted that claimant had a "slightly positive leg raising" test.  Dr. Kahanovitz directed treatment of claimant until November 13, 1995.  In his letter of November 13, 1995, Dr. Kahanovitz wrote, "There is no evidence of any disk herniation.  At this time, there has been no change in the patient's primary diagnosis of mechanical pain . . . ."

On February 22, 1996, shortly after being employed by employer, claimant slipped while carrying a table down a flight of stairs.  Claimant testified that when he slipped, he twisted his back and knee.  The Employer's First Report of Accident lists only an injury to claimant's left knee.

Claimant received treatment at the hospital and was referred to Dr. Allan Mishra, an orthopedist.  Claimant testified that he had back pain immediately after the accident and told the hospital doctor about the back pain.  Claimant also testified that he did not have back pain during the period immediately prior to his accident on February 22, 1996.  The hospital referred claimant to Dr. Allan Mishra, an orthopedist.

Dr. Mishra's initial report does not explicitly mention claimant's back pain, but notes that he had examined x-rays of claimant's back and knee and that he directed claimant to undergo an MRI of his back and knee.  An MRI of claimant's knee revealed a meniscal tear, and an MRI of claimant's back showed central and right-side herniation of claimant's L5-S1 disk.

In a report dated April 16, 1996, Dr. Mishra notes that, "In the past[, claimant] has had back pain but denied any leg pain. This new episode could represent a new injury to the back or radicular symptoms."  On May 7, 1996, Dr. Mishra noted that, "Clinically he has sciatica[1] and left knee medial meniscus tear. We again feel that the majority of his symptoms are coming from his back and his knee as a secondary issue at this time."  On May 9, claimant filed a claim for benefits.

On June 3, 1996, Dr. Mishra summarized his treatment of claimant up to that point.  His report states in relevant part:

> It should be noted that [claimant] had previous back pain which is documented in his chart in 1995.
>
> He was seen by Dr. Kahanovitz.  At that time he was extensively worked up and noted not to have straight leg raising reproducing pain down his leg and had an MRI.  The report says in his note of 11/95 there was a mild disk bulging but no frank disk herniation. The symptoms he presented with in my office in March and April, 1996 were different from the symptoms he had in 1995.
>
> He subsequently returned on 4/16/96 with results of his MRI's which I had the reports to review but not the actual films.  The report states the 4/8/96 MRI of his back showed degenerative changes at L4-5 and L5-S1 with a central and right-sided disc herniation at L5-S1 with compression of the S1 nerve root.  This is a report that is different than his previous MRI of 11/95. . . .  At that time I noted that this new episode could represent a new injury to the back because he did not have a positive

---

[1]Sciatica is defined as "a syndrome characterized by pain radiating from the back into the buttock and into the lower extremity along its posterior or lateral aspect."  Dorland's Illustrated Medical Dictionary 1493 (28th ed. 1994).

> straight leg raising test in the past. . . .
> He was subsequently seen on
> 5/7/96. . . . Clinically, again at that
> time, I felt he had sciatica and a tear of
> the medial meniscus. I again thought that
> treatment of his back was more important than
> treatment of his knee . . . .

On August 8, 1996, Dr. Mishra again noted that "more of his trouble is coming from his back at this time."

The deputy commissioner held a hearing on claimant's claim for benefits on September 20, 1996. Employer defended on the ground that no injury by accident occurred and that claimant had a prior injury that was the source of his disability. Employer presented the Employer's First Report and the testimony of claimant's co-worker to prove that claimant did not complain of back pain at the time of the accident. Employer also presented evidence of claimant's settlement of his prior workers' compensation claim on March 7, 1996, two weeks after the injury at issue here, in which claimant's attorney stated that claimant "has recovered fully. He has had no substantial problems since the 13th of November, 1995. This claimant has returned to work already." Claimant signed a notarized statement dated March 8, 1996, that he understood the settlement did not include medical expenses.

The deputy commissioner left the record open after the hearing to allow employer's physician the opportunity to review the MRIs before making his report. After the hearing, employer presented the report of Dr. Charles Lefton, who concluded that

the MRIs showed nerve root compression only on the right, nonsymptomatic side of claimant's back, and that claimant has "at the very most muscular ligamentous injury to his lumbar spine."

The deputy commissioner issued an opinion on November 25, 1996 in which it stated that "Dr. Mishra relates claimant's back injury to the compensable accident and we find that Dr. Lefton concluded that claimant sustained an injury to his back as a result of the February 22, 1996 accident." The deputy commissioner also stated that the medical evidence was insufficient to establish a causal relationship between the accident and claimant's herniated disc, although "there is sufficient evidence to establish a muscular ligamentous injury to the back and a left knee injury [arising from the accident] resulting in the disability alleged."

Upon review before the full commission, the decision of the deputy commissioner was affirmed. The commission noted that although claimant's initial complaints only involved his knee, he reported back pain on his initial visit to Dr. Mishra, and Dr. Mishra "relates the claimant's back and knee problems to the accident." The commission also agreed with the deputy commissioner that claimant's right-sided disc herniation is not related to his left-sided symptoms. Claimant testified that he told Dr. Mishra of his back injury. On appellate review, we view the evidence in the light most favorable to the party prevailing below. Brown v. Tidewater Constr. Corp., 19 Va. App. 676, 677,

5

454 S.E.2d 42, 42 (1995) (citing R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990)). "'An "injury by accident" has three components: (1) an identifiable incident; (2) a sudden mechanical or structural change in the body; and (3) a casual [sic] connection between the incident and the bodily change.'" Ratliff v. Rocco Farm Foods, 16 Va. App. 234, 238, 429 S.E.2d 39, 42 (1993) (quoting Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988)).

Only the issue of causation is at issue in this case, and a determination of causation is a factual finding. CLC Constr., Inc. v. Lopez, 20 Va. App. 258, 265, 456 S.E.2d 155, 158 (1995) (citing Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989)). "We do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses. If there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact." Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983).

In order to demonstrate causation, a claimant must show that it is more probable than not that his or her disability was caused by a compensable accident. See Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 224, 372 S.E.2d 411, 416 (1988). "If it is just as likely that the disabling condition resulted from a

6

cause which is not compensable as it is that it resulted from an accident covered by the Workers' Compensation Act, the employee has failed to establish the requisite causal connection." King's Market v. Porter, 227 Va. 478, 484, 317 S.E.2d 146, 149 (1984) (citing Carter v. Hercules Powder Co., 182 Va. 282, 288, 28 S.E.2d 736, 738 (1944)). In other words, the claimant must establish causality by a preponderance of the evidence.

I.

Claimant's Muscular Ligamentous Injury

On appeal, employer contends that the commission's decision is without credible evidence to support it because claimant did not suffer back pain until several weeks after the accident, because Dr. Mishra was incorrect in relating the back injury to the accident, and because Dr. Lefton concluded that claimant's muscular ligamentous back problem was the result of an earlier injury. We disagree.

As claimant's attending physician, Dr. Mishra's opinion is entitled to substantial weight. Bassett Burkeville Veneer v. Slaughter, 21 Va. App. 575, 580, 466 S.E.2d 127, 129 (1996) (citing C.D.S. Constr. Servs. v. Petrock, 218 Va. 1064, 1071, 243 S.E.2d 236, 241 (1978)). Contrary to employer's claim, Virginia law does not require that Dr. Mishra explicitly state that claimant's accident "more probably than not" caused his back injury; indeed, if the evidence as a whole is sufficient to prove causation, medical testimony is not required at all. Turcios v.

7

Holiday Inn Fair Oaks, 24 Va. App. 509, 518, 483 S.E.2d 502, 505 (1997).

Although employer presented evidence, and the deputy commissioner found, that claimant did not complain of back pain prior to March 18, 1996, that gap in time is not fatal to claimant's claim, given that Dr. Mishra found a causal connection between the accident and the back injury. Furthermore, the commission could consider claimant's testimony that he did experience back pain immediately after the accident. See Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996) (citing Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 281, 348 S.E.2d 876, 878 (1986)).

Finally, employer's own physician acknowledged that claimant may have had a muscular ligamentous injury to his back. To whatever extent Dr. Lefton concluded that claimant had not been injured, the commission was entitled to determine the weight to assign Dr. Lefton's report. Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc) (citing Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986)).

In short, employer asks this Court to weigh the evidence and find in its favor. Employer's contrary evidence, however, is immaterial on appellate review as long as credible evidence supports the decision of the commission. Lopez, 20 Va. App. at 266-67, 456 S.E.2d at 158 (citing Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)). We find no

8

error in the commission's finding that claimant suffered a compensable muscular ligamentous injury.

## II.

### Claimant's Herniated Disk

Claimant contends on appeal that the commission's finding that the compensable accident caused claimant's muscular ligamentous back injury but not his herniated disc is logically flawed and that claimant's medical history supports a finding of causation.[2]

As the party seeking relief, claimant bore the burden of proof on the issue of causation. Falls Church Constr. Corp. v. Valle, 21 Va. App. 351, 360, 464 S.E.2d 517, 522 (1995) (citing Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989)). Neither the claimant nor any of the doctors offered an opinion that the accident caused claimant's herniated disc. Dr. Lefton observed that while claimant showed herniation on his right side, claimant's pain originates on his left side.[3] The only evidence which claimant points to in

---

[2] Despite the fact that claimant did not file a notice of appeal, he may raise "additional questions separate from those presented by the appellant, and any additional relief sought separate from that requested by the appellant" under Rule 5A:21. D'Auria v. D'Auria, 1 Va. App. 455, 461, 340 S.E.2d 164, 167 (1986).

[3] Claimant argues that he was denied due process by the deputy commissioner's decision to keep the record open and receive Dr. Lefton's report into evidence. Although deputy commissioners have broad discretion to adapt the conduct of hearings to the circumstances of the case, the proceedings must comply with due process. Daniel Constr. Co. v. Tolley, 24 Va.

support of his claim is the fact that Dr. Kahanovitz concluded on November 7, 1995 that claimant showed no disc herniation, while claimant showed disc herniation on April 8, 1996. We find that credible evidence supports the conclusion of the commission that the herniated disk is unrelated to claimant's injury and that the commission's decision was not plainly wrong.

For these reasons, we affirm.

<u>Affirmed.</u>

---

App. 70, 78, 480 S.E.2d 145, 149 (1997). Claimant's contention is without merit. Nothing in the record supports the conclusion that the deputy commissioner's decision to accept post-hearing evidence only from employer was an abuse of discretion. See id. at 78-79, 480 S.E.2d at 149. Furthermore, although claimant knew at the hearing that the deputy commissioner was holding the record open, he did not raise this argument at the hearing or after the report had been received. Therefore, he is barred from raising this issue on appeal. Rule 5A:18.