# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

DEPARTMENT OF GAME AND INLAND FISHERIES AND
THE FIDELITY AND CASUALTY COMPANY OF NEW
YORK V. MRS. MARGARET M. JOYCE,
ET ALS.

January 20, 1927.

1. WORKMEN'S COMPENSATION ACT—*Employee of the Department of Game and Inland Fisheries—Whether State or Department is the Employer.*— The State and not the Department of Game and Inland Fisheries is the employer within the contemplation of the workmen's compensation act (Code of 1924, section 1887 [2]) of an employee in the Department of Game and Inland Fisheries.

2. WORKMEN'S COMPENSATION ACT—*Employee of the Department of Game and Inland Fisheries—Whether State or Department is the Employer— Parties—Appeal and Error—Case at Bar.*—In the instant case, an appeal from an award of the Industrial Commission to the widow of an employee of the Department of Game and Inland Fisheries, the State of Virginia was not made a party in proceedings before the Industrial Commission. The Department of Game and Inland Fisheries was made a party and its officers alone knew the circumstances and nature of the injury. The question of proper parties was not raised before the Commission, but was raised for the first time on appeal, and it was not raised by the State but by the insurance carrier.

   *Held:* That although the State should have been made a party, as employer, to the proceedings before the Commission, yet under the circumstances the award of the Commission would not be reversed or remanded.

3. APPEAL AND ERROR—*Want of Proper Parties—What Time Objection should be Made.*—Although an objection for want of proper parties may be taken at the hearing; yet the objection ought not to prevail upon the final hearing on appeal, except in very strong cases, and when the court perceives that a necessary and indispensable party is wanting. The objection should be taken at an earlier stage in the proceedings, by which great delay and expense would be avoided.

4. WORKMEN'S COMPENSATION ACT—*Written Notice of Accident—Excuse for Failure to Give Notice—Case at Bar.*—In the instant case, an appeal

from an award of the Industrial Commission in favor of the widow of an employee of the Department of Game and Inland Fisheries, no written notice of the accident was given the employer. The commissioner, the head of the Department of Game and Inland Fisheries, and others in the department, knew of the accident within less than thirty days after it occurred. The department had withheld from the employees under its control knowledge of the fact that they were protected by the workmen's compensation act. The employer, the State, had not been prejudiced by the omission. The Commission found that these facts furnished a reasonable excuse for not giving the written notice.

*Held:* That the award should not be disturbed for failure to give written notice.

5. WORKMEN'S COMPENSATION ACT—*Notice of Accident—Code of 1924, Section 1887 (24)—Code of 1924, Section 1887 (23).*—Section 24 of the workmen's compensation act (Code of 1924, section 1887 [24]), in regard to the contents of the notice of accident, applies to cases where written notice as provided by section 23 (Code of 1924, section [23]) has been given, and is solely relied on by the claimant. This section has no application to the exception in section 23 (Code of 1924, section 1887 [23]) where the employer, his agent, etc., had actual knowledge of the accident, or the injured party had been prevented from giving notice by reason of incapacity or fraud or deceit.

6. WORKMEN'S COMPENSATION ACT—*Notice of Accident—Employer's Knowledge of the Accident.*—Where a foreman or superior officer of the employer had actual knowledge of the occurrence of an accident or death within a reasonable time after the accident or death occurred and no prejudice to the employer's rights are shown, this is sufficient notice under section 23 of the workmen's compensation act (Code of 1924, section 1887 [23]).

Appeal from a decree of the Industrial Commission of Virginia.

*Affirmed.*

The opinion states the case.

*Baird, White* and *Lanning,* for the appellants.

*Venable, Miller, Pilcher* and *Parsons,* for the appellees.

CHICHESTER, J., delivered the opinion of the court.

This is an appeal from an award of the Industrial Commission in favor of Margaret M. Joyce, widow of J. P. M. Joyce, of $12.00 per week for 300 weeks and costs, etc. The Department of Game and Inland Fisheries of Virginia was named in the application as the employer and The Fidelity and Casualty Company of New York carried the department's compensation insurance.

The commission found as a fact that Joyce, while employed by the Department, sustained injuries, by accident, arising out of and in the course of his employment, resulting in his death.

The insurance carrier contested the award in the hearing before the Commission, and is here, upon appeal, assigning two errors.

1. That the State of Virginia was not made a party defendant before the Commission.

2 That no legal or sufficient notice of the accident was given the employer.

[1] 1. We are of opinion that the Department of Game and Inland Fisheries was not the employer of Joyce but that he was an employee of the State of Virginia.

In *Smith* v. *State Highway Commission*, 131 Va. at page 573, 109 S. E. 312, this court said, in response to the question whether the State Highway Commission was the employer of Smith: "We answer that the State Highway Commission was not the employer of Wm. Oscar Smith within the contemplation of the workmen's compensation act, because the Commission does not fall within the definition of an employer contained in section 2 thereof. The act provides (section 2-a) that ' "employers" shall include the State and any municipal corporation within the State, or any political division thereof, and any individual, firm, association

or corporation, or the receiver or trustee of the same, or the legal representative of a deceased employer using the service of another for pay.'

"A counterpart of this provision is found in section 8 of the act as follows: 'Neither the State nor any municipal corporation within the State, nor any political subdivision thereof, nor any employee of the State or of any such corporation or subdivision shall have the right to reject the provisions of this act relative to payment and acceptance of compensation, and the provisions of sections, 5, 6, 16, 17 and 18 shall not apply to them.'

"It is clear that the State Highway Commission is neither a municipal corporation nor a political division thereof, nor is it an individual, firm, association, or corporation, receiver or trustee of the same, or the legal representative of a deceased employer."

This decision is controlling in the instant case, so far as the nominal employer is concerned.

[2] It follows that the State should have been made a party (as employer) to the proceedings before the Commission, but under the circumstances of this case we do not think the award should be reversed or remanded to the Commission with direction to make the State a formal party, on this account.

The Department of Game and Inland Fisheries which had immediate supervision of Joyce and whose officers alone knew the circumstances and nature of the injury, was a defendant, and if the State had been a formal party it would have had to depend on this department for information and to defend the claim, if it had any defense and desired to make it.

This question of proper parties was not raised before the Commission, but was raised for the first time in this court, and now it is not raised by the State but by

the insurance carrier, which alone is appealing from the award of the Commission.

Section 73 of the Virginia Workmen's Compensation Act provides as follows: "No policy of insurance against liability arising under this act shall be issued unless it contains the agreement of the insurer that it will promptly pay the person entitled to same all benefits conferred by this act, and all installments of the compensation that may be awarded or agreed upon, and that the obligation shall not be affected by any default of the insured after the injury or by any default in giving notice required by such policy, or otherwise. Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation enforceable in his name."

[3] In *Mechanics Bank, etc.* v. *Seton*, 1 Peters (U. S.), 299, at page 306, 7 L. Ed. 152, at page 155, it is said: "It ought to be observed here preliminarily, as matter of practice, that although an objection for want of proper parties may be taken at the hearing; yet the objection ought not to prevail upon the final hearing on appeal, except in very strong cases, and when the court perceives that a necessary and indispensable party is wanting.

"The objection should be taken at an earlier stage in the proceedings, by which great delay and expense would be avoided."

In view of the facts of this case as heretofore stated, we do not think the State is such an indispensable or necessary party as to justify a reversal of the award or even to justify remanding the case to the Commission with direction to make the State a formal party. All essential rights have been protected and the insurer, whose obligation to the employee under section 73 is direct, who failed to make objection at the hearing,

must be held to have waived the irregularity. The State alone could make the objection now, and then only for its own protection, and not to defeat a recovery by the employee from the insurer.

[4] 2. While the Commission found that no written notice of the accident was given the employer, it found that Commissioner Lee, head of the Department of Game and Inland Fisheries, where Joyce was employed, and others in the department, knew of the accident within less than thirty days after it occurred; that the department had withheld from employees under its control knowledge of the fact that they were protected by the workmen's compensation act, and that these facts furnished a reasonable excuse for not giving the written notice, and it further found that the employer had not been prejudiced by the omission. It is manifest that the legal employer, the State, was not prejudiced.

Section 23 of the compensation act is as follows: "Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fee nor to any compensation which may have accrued under the terms of this act, prior to the giving of such notice; unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person; but no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the

Industrial Commission for not giving such notice, and the Commission is satisfied that the employer had not been prejudiced thereby."

In the instant case the Commission found that the head of the department had actual knowledge of the accident within thirty days; it declared that the excuse given for not giving written notice was satisfactory to it and that it was satisfied that the employer had not been prejudiced. Under these circumstances we do not think the award should be disturbed for failure to give written notice.

So far as notice in such cases is concerned, section 23 is divided into two parts with an exception to each. First: In order to entitle the injured employee to physician's fees and compensation which may have accrued prior to giving the notice, *written* notice must be given the employer, his agent or representative (with the exception), unless it is shown that the injured employee has been prevented from doing so by reason of physical or mental incapacity, or the fraud or deceit of some third person. This portion of the act has no application to the instant case, since neither physician's fees nor compensation prior to the giving of written notice are involved. Secondly: The section continues, "but *no compensation* shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death," and then follows the exception to this requirement—"unless reasonable excuse is made to the *satisfaction* of the Industrial Commission for not giving such notice, and the Commission is satisfied that the employer has not been prejudiced thereby." (Italics ours.)

It was under the exception to the second provision of the statute that the Industrial Commission acted.

[5] The insurance carrier contends that as the State

was the employer, and not the Department of Game
and Inland Fisheries, actual knowledge within thirty
days after the occurrence of death (in this case) on
the part of the head of the department was not notice
to the State. This contention seems to be based
upon section 24 of the workmen's compensation act
which declares: "The notice provided in the foregoing
section shall state in ordinary language the name and
address of the employee, the time, place, nature and
cause of the accident and of the resulting injury or
death, and shall be signed by the employee or by a
person on his behalf, or in the event of his death by
any one or more of his dependents or by a person in
their behalf.

"No defect or inaccuracy in the notice shall be a
bar to compensation unless the employer shall prove
that his interest was prejudiced thereby, and then
only to such extent as the prejudice.

"Said notice shall be given personally to the employer
or any of his agents upon whom a summons in civil
action may be served under the laws of the State, or
may be sent by registered letter addressed to the
employer at his last known residence or place of
business."

Section 24 clearly applies to cases where written
notice as provided by section 23 has been given, and
is solely relied on by the claimant. In such case the
notice must be given "personally to the employer or
any of his agents upon whom a summons in civil
action may be served," etc., or it may be sent by
registered mail, etc. This section has no application
to the exception to the concluding provision of section
23.

In order to emphasize the idea of liberal construc-
tion, and to facilitate and promote the allowance and
payment of awards in worthy cases, and to forestall

the interposition of technical obstacles to defeat them, section 23 leaves the question of excuse for a failure to give written notice to be shown *to the satisfaction* of the Industrial Commission, and coupled with that the requirement that the Commission be satisfied, in addition, that the failure to give written notice has not prejudiced the employer. In the instant case the Commission found that these requirements of the act had been met.

[6] The Commission seems to have uniformly held that where there was no written notice but that where a foreman or superior officer had actual knowledge of the occurrence of an accident or death within a reasonable time after the accident or death occurred and no prejudice to the employer's rights was shown, this was sufficient notice under this provision of the statute. *Sexton* v. *Essex Coke Co.*, 4 O. I. C. 257; *Witt* v. *Wise Coke Co.*, 7 O. I. C. 517; *Morton* v. *Richmond Cedar Works*, 3 O. I. C. 16; *Croghan* v. *Capitol City Lunch*, 4 O. I. C. 20; *Turner* v. *Hughes Tobacco Co.*, 3 O. I. C. 607; *Sykes* v. *Ulen Contracting Co.*, 2 O. I. C. 120; *Turner* v. *Swift & Co.*, 3 O. I. C. 653.

This court has, in effect, given its approval to this interpretation of the statute. See *American Mutual Liability Insurance Co.* v. *Hamilton*, 145 Va. 391, 135 S. E. at page 22.

We agree with the Commission in its construction of section 23, and we think, under the circumstances of this case, the Commission was justified in finding that the employer had knowledge of the accident to and the death of the employee, that there was reasonable excuse for not giving written notice, and that the rights of the State were not prejudiced thereby.

Upon the whole case we are of opinion to affirm the award.

*Affirmed.*