## Richmond

KANE PLUMBING, INC. AND MANUFACTURERS AL-
LIANCE INSURANCE

v.

JAMES V. SMALL

No. 0350-87-2

Decided September 6, 1988

COUNSEL

Marianne Nelms (Sands, Anderson, Marks & Miller, on brief), for appellant

James V. Small, pro se, appellee

OPINION

BENTON, J. — Kane Plumbing Company, Inc. contends that the Industrial Commission erred in finding (1) that a knee injury suffered by James V. Small was an injury by accident, and (2) that Small gave timely notice of that injury. Because credible evidence supports the commission's findings that Small sustained an injury by accident arising out of and in the course of his employment and that Small gave timely notice of that injury, we affirm the commission's decision.

Small's testimony before the deputy commissioner described his duties at the time of his injury. Small was employed by Kane as a plumber's helper and his job duties entailed "[w]hatever the [plumber] tells me to do." In February, 1986, he was digging a twelve inch wide ditch for a gas line. The ditch was so narrow it was practically impossible to stand in the ditch unless one foot was in front of the other. As he stood with his left foot behind

him, he pushed down with his right foot on the shovel and "evidently . . . hit a rock . . . or something." He then "turned somehow in the ditch" and his "knee collapsed." He informed J. Jones, whom he described as his immediate supervisor, of his injury that day. By the end of the work day Small had developed a knot on his knee.

Jones testified that Small told him that he had injured his knee while working in the ditch, and that prior to that day he had never heard Small complain of his knee hurting. Jones stated that, although he was the plumber and Small was a helper, he did not report the injury to anyone else because he was not Small's supervisor and it was not his responsibility.

Small further testified that he had difficulty remembering the exact date in February he was injured. He put February 11, 1986, as the date of the accident on the "Employer's First Report of Accident" because the president of Kane, the president's secretary, and he had examined the work orders and discovered that February 11 was the date he was digging the gas line ditches. However, Cecil Ligon, the treasurer of the company, testified that work orders showed that February 6, 1986, was the day that Small was digging gas line ditches with Jones. The deputy commissioner then allowed Small to amend his application to state February 6, 1986, as the date of the accident.

The day following the accident Small went to Dr. Michael Sheehan. Dr. Sheehan's initial office notes, dated February 10, 1986, indicated "knee injury — Job Related . . . was shoveling in a ditch. Gradual onset of pain left . . . knee afterwards. No prior knee problems." Dr. Sheehan's report to the Industrial Commission indicated February 6, 1986, as the date of the accident and diagnosed Small's problem as bursitis. After his knee condition failed to resolve after several months, Small was referred to an orthopaedic specialist, Dr. Douglas Jessup. Dr. Jessup surgically repaired a tear in the lateral meniscus of the knee. Dr. Jessup's initial notes indicated that "[t]here is no single episode of trauma, but he feels that it began when he was digging a ditch at work." Jessup's report to the Industrial Commission stated that Small "[w]as digging ditches on 2/11/86 all day, that night he could not walk and had a knot on his left knee."

The deputy commissioner denied Small's application for workers' compensation, finding that Small's knee condition was caused by repetitive trauma and that he had failed to specify an incident that initiated the onset of his knee condition. The full commission reversed the deputy commissioner, finding that, although neither of Small's physicians obtained a history of what they felt was a single incident of trauma, the histories established that the cause of the injury was the digging in the ditch as described by the employee. The full commission, citing *Board of Supervisors v. Martin*, 3 Va. App. 139, 348 S.E.2d 540 (1986), further noted that the commission should not rely on a history taken from a claimant to determine how an accident occurred.

 In order to recover on a workers' compensation claim, a claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment. Code § 65.1-7; *Bradley v. Philip Morris, U.S.A.*, 1 Va. App. 141, 143, 336 S.E.2d 515, 516 (1985); *Richmond Memorial Hospital v. Crane*, 222 Va. 283, 285, 278 S.E.2d 877, 878 (1981). To establish an "injury by accident," a claimant must prove "an identifiable incident that occurs at some reasonably definite time" and that causes "an obvious sudden mechanical or structural change in the body." *Bradley*, 1 Va. App. at 144, 336 S.E.2d at 517. An "injury by accident" has three components: (1) an identifiable incident; (2) a sudden mechanical or structural change in the body; and (3) a causal connection between the incident and bodily change. *Id.* The commission's findings of fact as to these issues are conclusive and binding on this Court and will be upheld if supported by credible evidence. *Dublin Garment Co. v. Jones*, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986); *Russell Loungewear v. Gray*, 2 Va. App. 90, 92, 341 S.E.2d 824, 825 (1986).

Kane contends that because Small failed to connect his injury with an action taken at a particular time at work, *see Badische Corp. v. Starks*, 221 Va. 910, 913, 275 S.E.2d 605, 607 (1981), and failed to establish the actual date on which the injury occurred, the commission erred in its finding that Small proved an identifiable incident. Kane specifically contends that the commission erred in finding that an identifiable accident occurred because the commission failed to recognize that it could consider statements from Small's medical histories for the purposes of impeaching the claimant or explaining the basis of a doctor's opinion.

Kane argues that had the commission considered Small's medical histories for those purposes, Small's testimony would have been sufficiently impeached to disprove the occurrence of an identifiable accident.

We find no evidence in the record to support Kane's contention that the commission failed to consider the medical histories for the purposes of impeaching the claimant's testimony or explaining the basis of the doctors' opinions. Although the commission, citing *Board of Supervisors v. Martin*, 3 Va. App. 139, 348 S.E.2d 540 (1986), stated that it should not rely on the histories to determine how the accident occurred, this statement does not imply that the commission failed to consider the histories for other purposes. While the commission noted that the histories did not reflect that a single incident of trauma occurred, it also noted that the medical histories did not sufficiently impeach Small's testimony because they established the causation of Small's injury as "digging in the ditch as described by [Small]."

We further find that the medical records that Kane contends that the commission failed to consider do not impeach Small's testimony to such an extent that this Court could hold there is no credible evidence to support the commission's finding that there was an injury by accident. Kane argues that several statements from Small's medical histories are inconsistent with Small's account of the accident and support its contention that Small's injury resulted from cumulative trauma.[1] "The fact that contrary evidence may be in the record is of no consequence if there is credible evidence to support the Commission's findings." *Russell Loungewear v. Gray*, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986); *Board of Supervisors v. Taylor*, 1 Va. App. 425, 431, 339 S.E.2d 565, 568 (1986); *Baskerville v. Saunders Oil Co.*, 1 Va. App. 188, 191, 336 S.E.2d 512, 513 (1985); *Boyd's Roofing Co. v. Lewis*, 1 Va. App. 93, 95, 335 S.E.2d 281, 283 (1985). The commission's findings are binding even if the weight of the evidence is contrary to those findings. *See C.D.S. Const. Services v. Petrock*, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978); *Kelly*

---

[1] Kane specifically notes Dr. Sheehan's records stating ". . . was shoveling in a ditch. Gradual onset of pain afterwards," and Dr. Jessup's records stating "[t]here is no single episode of trauma, but he feels that it began when he was digging a ditch at work . . . [was] digging ditches on 2/11/86 all day, that night, he could not walk and had knot on left knee."

*v. Pendleton Constr. Co.*, 182 Va. 191, 194, 28 S.E.2d 621, 623 (1944).

Viewed in the light most favorable to Small, the party prevailing below, *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986), Small's testimony, Small's medical records, and Jones's testimony provide credible evidence to support Small's contention that he suffered an injury by accident. Small testified that as he was digging a gas line ditch, he hit a rock, which caused him to turn in the ditch, and his knee collapsed. Jones testified that he had never heard Small complain of prior knee problems. Furthermore, Small's medical records indicate he had no prior history of knee problems. This evidence dispels Kane's contention that Small's injury was caused by cumulative trauma. The medical records further establish that Small's knee problems were caused by "a tear of the lateral meniscus," a diagnosis consistent with a sudden, obvious mechanical bodily change, not cumulative trauma. These facts sufficiently establish that Small proved an "identifiable accident."

That Small had trouble remembering the exact day of the incident is of no consequence because the employer's work records, together with testimonial descriptions of the work detail on the day of the incident, sufficiently establish that February 6, 1986, was the only day in February that Small was with Jones digging gas line ditches. Jones's testimony that Small told him on the day he was digging gas line ditches that he had hurt his knee corroborates Small's testimony.

Kane further argues that the facts of this case are similar to the facts of *Richmond Memorial Hospital v. Crane*, 222 Va. 283, 278 S.E.2d 877 (1981) and *Central State Hospital v. Wiggers*, 230 Va. 157, 335 S.E.2d 257 (1985), in that the injury did not have its origin in a risk connected to the employment. We disagree. "A risk is incidental to the employment when it belongs to or is connected with what the employee has to do in fulfilling his contract of service." *Reserve Life Ins. Co. v. Hosey*, 208 Va. 568, 572, 159 S.E.2d 633, 636 (1968) (quoting *Southern Motor Lines v. Alvis*, 200 Va. 168, 170-71, 104 S.E.2d 735, 738 (1958)). Unlike the claimant in Crane, who felt something "snap" as she walked down a level, unobstructed corridor, and unlike the claimant in Wiggers, who "turned" or "twisted" her ankle while walking normally, Small was digging in an awkward position in a

cramped ditch when he hit a rock that caused him unexpectedly to turn in the ditch. The testimonies of Small and Jones and the medical records are sufficient to establish that Small's body movement was connected with his employment and was the cause of his injury.

Kane also argues that even if Small proved an injury by accident, his claim is barred because he failed to provide the employer with timely notice of the accident pursuant to Code § 65.1-85.[2] In *Department of Game and Inland Fisheries v. Joyce*, 147 Va. 89, 136 S.E. 651 (1927), our Supreme Court held:

> [W]here there was no written notice but . . . where a foreman or superior officer had actual knowledge of the occurrence of an accident or death within a reasonable time after the accident or death occurred and no prejudice to the employer's rights was shown, this was sufficient notice under this provision of the statute.

*Id.* at 97, 136 S.E. at 654.[3]

It is undisputed that Small informed Jones of his injury shortly after it occurred. The commission made a factual finding that Jones was Small's supervisor when it concluded that Jones was "the plumber who was directing him in his work." This factual determination was supported by credible evidence; therefore, the notice to Jones was timely and served as notice to the employer pursuant to Code § 65.1-85.

---

[2] Code § 65.1-85 provides in pertinent part:
Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Act prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident . . . . But no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

[3] The commission has also followed this principle in its decisions. *See Davis v. Dan River, Inc.* 58 O.I.C. 82 (1979) (where foreman has actual knowledge of employee's injury within a reasonable time after it takes place and no prejudice to the employer's rights have been shown, sufficient compliance with the notice requirements have been met); *Sayers v. Doyle & Russell, Inc.*, 54 O.I.C. 330 (1972)(same).

Accordingly, we affirm the decision of the full commission.

*Affirmed.*

Hodges, J., concurred.

Moon, J., concurring.

I agree that there was credible evidence to support the award. I comment beyond what is said in the majority opinion because I believe the commission misconstrued the holding in *Board of Supervisors v. Martin*, 3 Va. App. 139, 348 S.E.2d 540 (1986). The commission cites the statement in *Martin* that it should not rely upon the history taken by the doctor from claimant to determine how the accident happened. Martin had testified at the hearing to a set of facts that rendered his injury noncompensable. In order to find the injury compensable, the commission considered a more favorable statement Martin had previously made to his doctor.

In *Martin*, we stated that a "claimant cannot rely upon [his history as given to the doctor] . . . to impeach his stipulation or unequivocal testimony at trial." *Id.* at 144, 348 S.E.2d at 542 (citing *Massie v. Firmstone*, 134 Va. 450, 462, 114 S.E. 652, 656 (1922)). However, we added that, where appropriate, the history may be used to impeach or corroborate claimant's testimony.

Thus, if a claimant has made a prior inconsistent statement in his account of his injury to his physician, that statement may be used to impeach his testimony. Moreover, if the statement is such that it constitutes a party admission, it not only is admissible for impeachment, but is substantive evidence against the claimant. C. Friend, *The Law of Evidence in Virginia* § 253 (2d ed. 1983). If the commission should believe that the admission is a true account of how the injury occurred, then, obviously, the admission may be used as evidence of how the injury occurred. There is a difference between the possible uses of a party admission and a self-serving declaration, as found in *Martin*.

Notwithstanding what I consider an erroneous interpretation of the limits placed on the commission's use of the doctor's history in *Martin*, I agree with the majority that the commission obviously considered the contradictory material in the medical history. It found that claimant's testimony before the deputy commissioner,

when considered with all of the evidence, was credible, in spite of contradictions in the medical history.

Therefore, I concur with the majority in affirming the award.