COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


GOODYEAR TIRE & RUBBER COMPANY and
 TRAVELERS INDEMNITY COMPANY OF ILLINOIS
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1119-96-3       JUDGE RICHARD S. BRAY
                                          DECEMBER 31, 1996
SAMUEL R. TAYLOR


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Martha White Medley (Daniel, Vaughan, Medley &
          Smitherman, P.C., on brief), for appellants.

          No brief or argument for appellee.



     Contending that Samuel R. Taylor (claimant) failed to prove

that a knee injury arose from his employment, Goodyear Tire &

Rubber Company and Travelers Indemnity Company of Illinois

(employer) appeal a decision of the Workers' Compensation

Commission (commission) awarding claimant related medical

benefits.  Finding no error, we affirm the decision of the

commission.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.  Guided by well established

principles, we construe the evidence in the light most favorable

to the party prevailing below, claimant in this instance.  Crisp

v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

S.E.2d 916, 916 (1986).  "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding."  Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); see Code § 65.2-706.

"In order to recover on a workers' compensation claim, a claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment."  Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988); see Code § 65.2-101.  "The phrase arising 'in the course of' refers to the time, place, and circumstances under which the accident occurred," while "arising 'out of' refers to the origin or cause of the injury."  County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).

"The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).  A claimant must establish "that the conditions of the workplace or . . . some significant work related exertion caused the injury."  Id.  Thus, "the arising out of test excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment.  The causative danger must be peculiar to the work, incidental to the character of the

business, and not independent of the master-servant relationship.'" Johnson, 237 Va. at 183-84, 376 S.E.2d at 75 (quoting United Parcel Service v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985)).

"The actual determination of causation is a factual finding that will not be disturbed on appeal," if supported by credible evidence. Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989); see Code § 65.2-706. However, "[w]hether an injury arises out of and in the course of employment is a mixed question of law and fact . . . , reviewable upon appeal." Jones v. Colonial Williamsburg Found., 8 Va. App. 432, 434, 382 S.E.2d 300, 301 (1989).

Here, claimant's employment duties required that he change a "slug," which is located in the "bottom sidewall plate[]" of a tire mold and identifies the "cure" date of the tire. The plate was accessed through a "hole in the bottom," "real low," approximately five to six inches from the floor. It was, therefore, necessary for claimant to assume a "fairly awkward" position, "squat[ting] down" in an environment that was "slick" and "hot," unable to kneel because the floor was "hot." Claimant testified that employer had repeatedly instructed that he undertake the task by "bend[ing] [his] knees" rather than "bending at the hip and hurting the back." In awarding benefits, the commission concluded that

> the claimant was required to engage in
> prolonged squatting in a hot, slick area,
> and to perform the task in a "fairly

awkward" position.  After working in this manner for approximately one and a half hours, the claimant experienced a sudden, painful popping in his knee as he squatted down. . . .  From this record we concur with the Deputy Commissioner that this injury arose out of the claimant's employment conditions.

The commission's factual findings are supported by the record, and establish an activity arising from a work-related risk sufficiently distinctive to render the resulting injury compensable.  Compare Barbour, 8 Va. App. at 484, 382 S.E.2d at 306 (injury not compensable because it "resulted from merely bending over," and not from any "significant work related exertion [or condition]") with Kane Plumbing, 7 Va. App. at 137-38, 371 S.E.2d at 831-32 (injury compensable when employee struck a rock, and turned unexpectedly while digging in awkward position), and Richard E. Brown, Inc. v. Caporaletti, 12 Va. App. 242, 245, 402 S.E.2d 709, 711 (1991) (injury compensable when suffered while lowering 100-pound furnace and performing related tasks).

Accordingly, the commission correctly determined that claimant's injury arose from his employment, and we affirm the award.

Affirmed.