COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


HARMAN CEILING AND PARTITIONING
 COMPANY, INC. AND VIRGINIA
 CONTRACTORS GROUP SELF-INSURANCE
 ASSOCIATION
                                    MEMORANDUM OPINION*
v.   Record No. 0612-99-3              PER CURIAM
                                       JULY 20, 1999
MICHAEL L. LUSK


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (William H. Fralin, Jr.; Jolly, Place,
            Fralin & Prillaman, P.C., on brief), for
            appellants.

            No brief for appellee.


    Harman Ceiling and Partitioning Company, Inc. and its

insurer (hereinafter referred to as "employer") contend that the

Workers' Compensation Commission erred in finding that

Michael L. Lusk proved that (1) he gave employer notice of his

December 5, 1995 injury by accident as required by Code

§ 65.2-600; and (2) his medical treatment was causally related

to his December 5, 1995 injury by accident.  Upon reviewing the

record and appellants' opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

---

    *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

## I. Notice

In <u>Kane Plumbing, Inc. v. Small</u>, 7 Va. App. 132, 371 S.E.2d 828 (1988), we recognized that "'where there was no written notice but . . . where a foreman or superior officer had actual knowledge of the occurrence of an accident . . . within a reasonable time after the accident . . . occurred and no prejudice to the employer's rights was shown, this was sufficient notice under this provision of the statute.'" <u>Id.</u> at 138, 371 S.E.2d at 832 (quoting <u>Department of Game and Inland Fisheries v. Joyce</u>, 147 Va. 89, 97, 136 S.E. 651, 654 (1927)).

Lusk testified without contradiction that his supervisor, Elmer Smith, was "right beside" him at the time of the December 5, 1995 accident. Lusk testified that he immediately reported the accident to Smith. Smith said he would report the accident and told Lusk "to take it easy." The fact that Lusk asked Smith not to report the accident does not equate with a failure to give notice of the accident. The commission's factual findings that Lusk reported the accident to his supervisor, who was an eyewitness to the accident, are supported by credible evidence. Therefore, the notice to Smith was timely and served as notice to employer pursuant to Code § 65.2-600.

## II. Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below. See <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The

- 2 -

actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

Dr. Scott Hayes recorded a history that Lusk's pain after the December 5, 1995 accident was of abrupt onset, that it affected Lusk's lumbar spine, and that it had a radicular quality. Lusk testified that although he had suffered from previous back pain, the pain he felt after the December 5, 1995 accident was much more intense than anything he had ever experienced before. Dr. Laurence I. Kleiner, a neurosurgeon, diagnosed a disc herniation at the L3-4 level. Lusk testified that although some of his pain abated after the surgery, he still suffers from back symptoms and has not fully recovered.

The commission found that the medical treatment received by Lusk after the December 5, 1995 accident was causally related to that accident. Lusk's testimony and the medical records provide credible evidence to support the commission's finding. Therefore, that finding is binding upon us on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.