COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Chesapeake, Virginia


UNINSURED EMPLOYER'S FUND

                                            OPINION BY
v.   Record No. 2476-99-1          JUDGE RICHARD S. BRAY
                                           JULY 18, 2000
MICHAEL L. EDWARDS, JIM DOYAN and
 C. LEWIS WALTRIP, II, INC./JAMESTOWN BUILDING CORPORATION


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Amy C. Stallings, Assistant Attorney General
            (Mark L. Earley, Attorney General; John J.
            Beall, Jr., Senior Assistant Attorney
            General, on brief), for appellant.

            Richard E. Garriott, Jr. (Robert A. Rapaport;
            Clark, Dolph, Rapaport, Hardy & Hull, P.L.C.,
            on brief), for appellees C. Lewis Waltrip,
            II, Inc./Jamestown Building Corporation.

            No brief or argument for appellees
            Michael L. Edwards and Jim Doyan.


     The Uninsured Employer's Fund (the Fund) appeals the decision

of the Workers' Compensation Commission (commission) relieving the

statutory employer, C. Lewis Waltrip, II, Inc./Jamestown Building

Corporation (Waltrip), of responsibility for benefits due Michael

L. Edwards (claimant) pursuant to the Workers' Compensation Act

(the Act).  Relying upon the provisions of Code § 65.2-600(A), the

commission found Waltrip insulated from liability, absent both

proper notice of the accident and "at least sixty days notice of

the hearing to ascertain compensability."  The Fund contends that

actual notice to Waltrip of the injury, though untimely, removed the claim from the reach of Code § 65.2-600(A) but, if not, Waltrip was sufficiently aware of the scheduled hearing to satisfy the statutory mandate. Finding that the commission correctly construed and applied Code § 65.2-600(A) to the instant circumstances, we affirm the decision.

I.

The salient facts are substantially uncontroverted. While employed by Jim Doyan, an uninsured contractor, claimant suffered an industrial injury to his right eye on April 6, 1998. Although Doyan learned of the accident and injury immediately after the occurrence, neither Doyan nor claimant advised Waltrip, claimant's statutory employer, of the incident.

On June 29, 1998, claimant lodged a "Claim for Benefits" with the commission, resulting in a "Notification Letter" to both Doyan and Waltrip, dated July 28, 1998, which reported the pending claim and requested related documentation. George Jeffries, "general manager" for Waltrip, testified that, "within 15 minutes" of receiving the notice, he telephoned Waltrip's "on the job" superintendent to determine "if he knew anything about this." The superintendent disclaimed "knowledge of it happening," and Doyan denied claimant had been in his employ.[1] Within a week thereafter, Jeffries spoke to a "claims adjuster" for Waltrip's

_____

[1] Doyan later admitted that he employed claimant at the time of the accident.

-

workers' compensation insurance carrier, and suspended his investigation of the accident after she advised, "let's just ride this thing along and see what happens."

Waltrip filed a "First Report of Accident" on November 16, 1998, and the commission, on December 3, 1998, issued "Notice of [a] Hearing" scheduled for January 19, 1999. Waltrip appeared at the proceedings and denied liability, relying upon lack of timely notice of both the accident and hearing, pursuant to Code § 65.2-600(A). Deputy Commissioner Andrea White Lee awarded claimant benefits against Doyan, but, citing Code § 65.2-600(D), relieved Waltrip of liability because Waltrip had not received timely notice of the accident, without "reasonable excuse" by claimant, resulting in "prejudice" to Waltrip. Code § 65.2-600(D). Claimant appealed to the full commission.

Affirming the deputy on appeal, albeit "[f]or different reasons," the commission relied upon Code § 65.2-600(A) to deny the claim, reasoning that, in default of notice of the accident within thirty days of occurrence, pursuant to Code § 65.2-600(A) and (D), Waltrip, as statutory employer, was entitled to sixty days notice of the scheduled hearing in accordance with Code § 65.2-600(A).

II.

Code § 65.2-600 (formerly Code § 65.1-85) provides, in pertinent part:

-

A. Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident. If notice of accident is not given to a statutory employer, such statutory employer may be held responsible for . . . awards of compensation rendered by the Commission if (i) he shall have had at least sixty days' notice of the hearing to ascertain compensability of the accident, and (ii) the statutory employer was not prejudiced by lack of notice of the accident.

\* \* \* \* \* \* \*

D. No compensation or medical benefit shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

(Emphasis added). Such notice must be provided to both "the employer" and "any statutory employer." Code § 65.2-600(A); see Race Fork Coal Co. v. Turner, 237 Va. 639, 644, 379 S.E.2d 341, 343-44 (1989); Wagner Enterprises v. Brooks, 12 Va. App. 890, 896-97, 407 S.E.2d 32, 36 (1991).

In adjudicating claims arising under the Act, the commission and judiciary have accorded equal dignity to written and actual notice to employers. In Department of Game and Inland Fisheries v. Joyce, 147 Va. 89, 136 S.E. 651 (1927), the Supreme Court concluded that:

[W]here there was no written notice but . . . where a foreman or superior officer

-

had actual knowledge of the occurrence of an accident or death within a reasonable time after the accident or death occurred and no prejudice to the employer's rights was shown, this was sufficient notice under . . . the statute.

Id. at 97, 136 S.E. at 654; see Kane Plumbing v. Small, 7 Va. App. 132, 138, 371 S.E.2d 828, 832 (1988) (knowledge by Small's supervisor of his injury was notice to actual employer). Following Kane, this Court also deemed actual notice to a statutory employer sufficient compliance with the notice requirements of Code § 65.1-85 (now Code § 65.2-600(A)). See Wagner Enterprises, 12 Va. App. at 897, 407 S.E.2d at 36-37.

However, notice of the accident, whether written or actual, must also be timely, "given within 30 days after the occurrence . . ., unless reasonable excuse is made to the satisfaction of the commission . . . and the commission is satisfied that the employer has not been prejudiced thereby."  Code § 65.2-600(D). The resolution of claims attended by untimely notice to actual employers, guided by a Code § 65.2-600(D) analysis, is not unique in our jurisprudence.  However, a paucity of decisions have addressed the responsibility of a similarly situated statutory employer, with Race Fork the seminal opinion.

In Race Fork, the commission held the statutory employer, Race Fork Coal Company, responsible for a previous award of the commission to an injured worker, despite an absence of notice to Race Fork of either the accident or compensability hearing, a

-

decision subsequently affirmed by this Court. See 237 Va. at 642, 379 S.E.2d at 342-43. In reversing on appeal, the Supreme Court expressly declined to dismiss the claim against Race Fork, recognizing that an employee "may not know the relationship between his employer and some third party, who may be a statutory employer at the time of . . . injury, and . . . may not reasonably discover that relationship within a period of 30 days thereafter." Id. at 644, 379 S.E.2d at 343-44. However, the Court concluded that due process entitled Race Fork to a "de novo hearing" to adjudicate the respective "rights to benefits under the Act," provided that the claimant tendered to the commission a "reasonable excuse for not giving [timely] notice" of the accident and Race Fork had not been prejudiced by a default in notice.[2] Id. at 644, 379 S.E.2d at 344. Thus, the Court sought to at once preserve the interest of the injured worker and safeguard the right of the statutory employer, without proper notice of the accident, to a hearing on the claim.

Mindful of prior judicial construction and application of the notice requirements prescribed by Code § 65.2-600(A) and (D) and its precursors, the General Assembly, in 1997, amended Code § 65.2-600(A) to render a statutory employer, without "notice of

---

[2] The predicates imposed by the Court to relief on the claim comport with Code § 65.2-600(D), former Code § 65.1-85 cited by the Court in n.3.

-

the accident," responsible for related compensation awarded by the commission, if such statutory employer is afforded sixty days notice of the attendant hearing and "was not prejudiced by lack of notice of the accident."  Thus, the amendment established a liability test unique to those statutory employers without timely notice of the accident, one apart from the reasonable excuse/prejudice inquiry prescribed for actual employers by Code § 65.2-600(D), and the commission applied the revised Code § 65.2-600(A) analysis to the instant claim.

"Well established 'principles of statutory construction require us to ascertain and give effect to the legislative intent.'"  Brooks v. Commonwealth, 19 Va. App. 563, 566, 454 S.E.2d 3, 4 (1995) (citation omitted).  "When new provisions are added to existing legislation by amendment, we presume that the legislature 'acted with full knowledge of and in reference to the existing law upon the same subject and the construction placed upon it by the courts[,] . . . that the legislature acted purposefully with the intent to change existing law."  Burke v. Commonwealth, 29 Va. App. 183, 188, 510 S.E.2d 743, 745-46 (1999) (citations omitted).  When "'the several provisions of a statute suggest a potential for conflict or inconsistency,'" we must construe such "'provisions so as to reconcile them and to give full effect to the expressed legislative intent.'"  Herrel v. Commonwealth, 28 Va. App. 579, 585, 507 S.E.2d 633, 636 (1998) (citation omitted).  Finally, "'[t]he construction

-

afforded a statute by the public officials charged with its administration and enforcement is entitled to be given weight by a court.'" Lynch v. Lee, 19 Va. App. 230, 232, 450 S.E.2d 391, 392 (1994) (citation omitted).

Here, the legislative, administrative and judicial history of Code § 65.2-600 clearly suggests that the legislature intended, by the amendment, that the potential responsibility of a statutory employer for a claim under the Act, absent timely notice of the related accident, be resolved upon considerations different from those enumerated in Code § 65.2-600(D), applicable to actual employers. The attenuated, oftentimes remote, relationship between the statutory employer and the worker, together with the need to preserve the rights and responsibilities of each, required a balancing of competing interests through a distinct procedural course. Thus, the legislature, while mandating notice of an accident within thirty days of the occurrence to both statutory and actual employers, fashioned a threshold inquiry specific to a determination of responsibility under the Act upon a statutory employer without timely notice of the accident. Under such circumstances, the statutory employer must have received at "least sixty days notice of the hearing to ascertain compensability of the accident" and suffered no prejudice from "lack of notice."

Applying Code § 65.2-600(A) to the instant record, the commission correctly concluded that Waltrip neither received

-

timely notice of the accident nor at least sixty days notice of the hearing.  Accordingly, the commission properly ruled that Waltrip was "not responsible for the award of compensation" to claimant.

Affirmed.
