COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Frank and Humphreys
Argued at Richmond, Virginia


MARSHALLS, INC. AND
   AMERICAN CASUALTY COMPANY
   OF READING, PA
                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1188-05-3                JUDGE RUDOLPH BUMGARDNER, III
                                                          DECEMBER 28, 2005
ALICE M. DEANE


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              C. Ervin Reid (Wright, Robinson, Osthimer & Tatum, on briefs), for
              appellants.

              (Alice M. Deane, *pro se*, on brief).  Appellee submitting on brief.


        Marshalls, Inc. appeals a decision of the Workers' Compensation Commission that

awarded medical benefits to Alice Deane.  The employer contends the commission erred in

finding the worker suffered an injury by accident and that injury caused her left hand tendonitis.

Finding credible medical evidence to support the award, we affirm the commission's decision.

        On June 25, 2004, the worker filed a claim for benefits alleging "third finger injury on

left hand/tendinitis [sic]"[1] that occurred August 20, 2003 when she was "lifting hangers with

pairs of pants on them."  She sought benefits for partial and total wage loss and lifetime medical

costs.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Tendonitis is an "inflammation of tendons and of tendon-muscle attachments."
Dorland's Illustrated Medical Dictionary 1315 (26th ed. 1985).  De Quervain's disease is
"painful tenosynovitis due to relative narrowness of the common tendon sheath of the abductor
pollicis longus and the extensor pollicis brevis."  Id. at 387.  Tenosynovitis is "inflammation of a
tendon sheath."  Id. at 1316.

The deputy commissioner denied the worker's claim. He was not convinced that she "sustained a discrete injury to her finger on August 21, 2003 [sic], as opposed to the gradual onset of pain after hours of hanging clothes on her finger." He noted that the worker's report of the "sudden onset of pain" did not correspond with the records of "unknown" cause of pain. In the alternative, the deputy commissioner held the medical records "do not support a causal connection between the claimant's condition, her disability, and the incident on August 21, 2003 [sic]."

The full commission affirmed the deputy commissioner's opinion with modifications. It held the worker proved an injury by accident to her left middle finger on August 20, 2003 and that such injury "result[ed] in tendonitis and permanent work restrictions related to her left hand." It awarded medical benefits.[2] The employer appeals.

On appeal, we consider the evidence in the light most favorable to the worker and affirm the commission's decision when it is supported by credible evidence in the record. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

The worker worked for the employer for six years pricing items with a price gun. She reported to work on August 20, 2003 at 3:00 p.m. Her duties included taking hangers with pants on them off a rack and putting them into a box. At one point, six hangers "got caught in [her] finger" and she felt a sharp pain in the middle of her left long finger. The worker, who denied

---

[2] The commission also ruled that the worker was not entitled to wage loss compensation because she failed to market her residual work capacity. The worker conceded she did not look for other work. The commission also found that "the medical evidence supports the conclusion that the claimant's total disability after July 2004 is unrelated to his [sic] industrial injury."

any prior left hand pain,[3] reported the injury to her employer at 7:30 p.m.  The employer's Accident Investigation Report recorded that the worker "was taking hangers off trolley and hurt her LT middle finger."  The employer documented "swelling, discoloration and pain in [the left] middle finger."  The worker refused medical treatment and returned to work.

The next day, the worker reported the injury to her employer again.  The employer[4] noted that her left middle finger was swollen and that she had trouble moving it.  He put a splint on her finger, applied ice, and referred her to Rockingham Memorial Hospital (RMH) for further assessment.  At RMH, the worker told the examining doctor that she "injured her left 3rd finger" at work when "they were hanging on my finger."  X-rays of the finger were normal.  The doctor noted that the pain radiates "proximally toward her dorsal left forearm."  He diagnosed "acute pain, left 3rd finger, of uncertain cause."  The doctor returned the worker to work, recommended ibuprofen as needed, and told her to report back if problems persisted.

The worker sought medical treatment again the following day, August 22, 2003.  Dr. Stephen Phillips at RMH Center for Corporate Health (Corporate Health) documented "onset of pain in the finger while at work."  The worker "is not sure how she might have injured it.  She thinks taking the hangers off the racks repeatedly and holding them on her finger for an extended period caused her to have soreness."  Dr. Phillips diagnosed her with "tendonitis left middle finger extensor tendon."  He gave her a splint and sling, told her not to use her left hand for four days, and to return for follow-up.

The worker continued to seek treatment at Corporate Health throughout September and October 2003.  On September 3, 2003 Dr. Kathleen Bell diagnosed the worker with "Extensor

---

[3] The worker testified she had no prior left hand injury and reported the same to several doctors.

[4] A Marshalls EMT Report, signed by the worker, was completed at 7:17 p.m. on August 21, 2003.

tendonitis of the left hand, wrist and forearm" and imposed work restrictions.[5] In October 2003, Dr. Richard King also diagnosed her with left wrist and hand tendonitis. No medical report refers to a non-work-related cause of injury.

The worker was referred to orthopedist Dr. Edward Chappell and orthopedic surgeon Dr. Robert Kime. On November 10, 2003, Dr. Chappell recorded that the worker "developed spontaneous pain in the left long finger" and wrist while working with hangers on August 20, 2003. He ruled out de Quervain's tenosynovitis on November 10, 2003 and believed the worker might have carpal tunnel syndrome unrelated to the work injury. Subsequent testing ruled out CTS.

Dr. Kime treated the worker from January 13, 2004 through August 17, 2004. While he recorded "L hand and wrist pain of uncertain etiology," his July 13, 2004 records reflect that the "Pt. was hanging clothes hangers & got her L middle finger caught between the hangers & developed pain." On February 4, 2004 the worker had "some persistent L wrist pain with some tendenitis." Her treatments had included the use of splints, heat, stretches, physical therapy, restricted use, and pain medications. Dr. Kime administered steroid injections into her left thumb on February 4, 2004 and June 8, 2004.

On August 17, 2004, Dr. Kime could not "state with certainty that [the worker's] de Quervain's tenosynovitis developed from [the August 2003] injury." He did not believe that either surgery or additional injections would relieve her symptoms. He wrote, "I cannot state categorically that her tendonitis is a direct result of her work related injury, although certainly her work is certainly a potential aggravation and potential source of ongoing pain in her wrist and hand."

---

[5] Dr. Bell's work restrictions were "no lifting more than 1 pound with the left hand, no firm or repetitive gripping with the left hand and no twisting of the left wrist or forearm."

Dr. Kime imposed permanent work restrictions March 17, 2004. The worker worked within those restrictions until June 2004. While the worker's family physician, Dr. Dennis Hatter, treated her for other ailments, he never treated her left finger/hand/wrist. He removed the worker from work for unrelated medical issues on July 5, 2004.

In order to prove an injury by accident, the worker must "prove (1) that the injury appeared suddenly at a particular time and place and upon a particular occasion, (2) that it was caused by an identifiable incident or sudden precipitating event, and (3) that it resulted in an obvious mechanical or structural change in the human body." Southern Express v. Green, 257 Va. 181, 187, 509 S.E.2d 836, 839 (1999). "The Commission's factual findings are 'conclusive and binding' . . . and a question raised by 'conflicting expert medical opinions' is 'one of fact.'" Eccon Constr. Co. v. Lucas, 221 Va. 786, 790, 273 S.E.2d 797, 799 (1981) (citations omitted).

The worker testified she injured her left finger at work when she was moving hangers off a rack and they got caught on her finger. She immediately reported the injury to her employer whose records show that the worker's finger was swollen and discolored. The swelling was still present the day after the injury, and the employer applied ice and a splint before referring the worker to a doctor. That evening, the worker was diagnosed with acute pain in her left middle finger "of uncertain cause." However, she reported that the injury occurred when "they were hanging on my finger" at work the previous day. No evidence disputed her testimony regarding when or how the injury occurred or established a non-work-related cause.

The worker described a sudden onset of pain and her symptoms appeared "at a particular time and place and upon a particular occasion, and resulted in a structural change in her body." Southern Express, 257 Va. at 188-89, 509 S.E.2d at 840. See also Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 170, 543 S.E.2d 619, 623 (2001) (worker's injury, sustained after kneeling for 45 minutes, may be injury by accident). "If there is evidence or reasonable

- 5 -

inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact." Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983). See also Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 136, 371 S.E.2d 828, 831 (1988); Russell Loungewear v. Gray, 2 Va. App. 90, 93, 341 S.E.2d 824, 825 (1986). After reviewing the entire record, we find credible evidence to support the commission's determination that the worker sustained an identifiable, work-related injury by accident to her left middle finger on August 20, 2003.

The employer also contends the commission erred in finding that the worker's injury caused her tendonitis. "[C]ausation between an injury and a disability need not be established by the testimony of a medical expert." Turcios v. Holiday Inn Fair Oaks, 24 Va. App. 509, 517, 483 S.E.2d 502, 506 (1997). A worker's "testimony may be considered in determining causation, particularly where the medical evidence is inconclusive." Howell Metal Co. v. Adams, 35 Va. App. 184, 188, 543 S.E.2d 629, 631 (2001). See also Dollar General Store v. Cridlin, 22 Va. App. 171, 174, 468 S.E.2d 152, 154 (1996).

The record supports the commission's factual finding that the worker's "partial incapacity [was] related to her compensable tendonitis." Before the day of the injury, the worker had no prior left hand injury. On the day of the injury, the worker's left long finger was in pain, swollen, and discolored. That pain radiated into her hand and forearm. Two days after the incident, a doctor diagnosed her with "tendonitis left middle finger extensor tendon." Two weeks later, she was diagnosed with "extensor tendonitis of left hand, wrist and forearm." No evidence contradicts the diagnosis of tendonitis commencing after the work injury.

The commission accepted the worker's version of how she was injured, and the medical evidence corroborates her testimony. "We do not retry the facts before the Commission nor do

we review the weight, preponderance of the evidence, or the credibility of witnesses." <u>Caskey</u>, 225 Va. at 411, 302 S.E.2d at 510. We cannot say, as a matter of law, that the commission erred in finding that the worker's left hand tendonitis was causally related to the August 20, 2003 injury. Accordingly, we affirm.

<u>Affirmed.</u>