COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, O'Brien and AtLee
Argued at Fredericksburg, Virginia

CLAUDE J. MAILLOUX

MEMORANDUM OPINION* BY
JUDGE MARY GRACE O'BRIEN
OCTOBER 9, 2018

v.      Record No. 0636-18-4

AMERICA TRANSPORTATION AND
 UNINSURED EMPLOYER'S FUND

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

James E. Swiger (The Law Office of James E. Swiger, PLLC, on
brief), for appellant.

George R. A. Doumar (Doumar Martin, PLLC, on brief), for
appellee America Transportation.

Justin R. Main (Michael S. Bliley; Siciliano, Ellis, Dyer &
Boccarosse, PLC, on brief), for appellee Uninsured Employer's
Fund.

Claude Mailloux ("claimant") appeals a decision of the Workers' Compensation

Commission ("the Commission") denying his claim for benefits from America Transportation and

the Uninsured Employer's Fund (collectively, "employer"). Claimant, who was injured while

driving employer's bus in the early morning hours of March 23, 2014, sought medical benefits and

temporary total disability benefits from March 24 through May 9, 2014. The Commission

determined that claimant's action was barred by his willful misconduct of violating a company

policy and statutory requirement to wear a seatbelt. Finding no error, we affirm the Commission's

denial of claimant's benefits.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On March 22, 2014, claimant had been employed for approximately five years driving coaches, party buses, and small buses for employer. That night, he transported approximately fifteen passengers in a party bus from Woodbridge, Virginia to Washington, D.C. When claimant picked up his passengers around 1:45 a.m. the next morning, he exited the bus to help the passengers board. After he got back into the driver's seat, he did not buckle his seatbelt. Approximately an hour later, while he was driving on an interstate highway, another vehicle struck the bus from behind. Claimant attempted to maintain control of the bus without success. The bus traveled approximately 100 feet "riding up against" the right guardrail and then flipped over the guardrail. At that time, claimant was thrown onto the passenger seat and then ejected from the bus. He landed underneath the vehicle's engine and sustained numerous injuries.

Employer asserted affirmative defenses, pursuant to Code § 65.2-306, that claimant engaged in willful misconduct and violated a statutory duty to wear his seatbelt. At the hearing before a deputy commissioner, employer presented evidence of the company's policy that "[a]ll drivers, while operating company vehicles, must use their seatbelt(s) at all times (it's the law.)." Employer's president testified that the requirement is included in the written safety rules that the company provides to its drivers. The company also requires all drivers to sign a "buckle up pledge" promising they will follow the seatbelt policy. Claimant acknowledged at the hearing that he was aware of the rule and had signed the pledge.

The deputy commissioner issued an opinion awarding benefits to claimant, and employer filed a request for review by the full Commission, which reversed the deputy commissioner's ruling. The Commission held that claimant's willful misconduct barred his request for benefits under Code § 65.2-306.

ANALYSIS

On appeal, claimant challenges the Commission's finding that his failure to wear a seatbelt proximately caused his injuries. We review the evidence in the light most favorable to the prevailing party, the employer. Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 345, 768 S.E.2d 261, 262 (2015). The Court is "bound by the [C]ommission's factual findings supported by credible evidence, despite the fact that there may be evidence to support a contrary finding." Hoffman v. Carter, 50 Va. App. 199, 209, 648 S.E.2d 318, 323 (2007).

An employee seeking workers' compensation benefits must prove that he suffered: "(1) an injury by accident, (2) arising out of and (3) in the course of his employment." Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988). See Code § 65.2-101. The employee must prove his claim by a preponderance of the evidence. Rush v. Univ. of Va. Health Sys., 64 Va. App. 550, 555-56, 769 S.E.2d 717, 719 (2015).

If the employee meets his burden, the employer can present certain defenses to defeat the claim. Code § 65.2-306(A) allows an employer to avoid liability if the employee's injuries are "caused by" one of the following:

> 1. The employee's willful misconduct or intentional self-inflicted injury;
>
> . . . .
>
> 4. The employee's willful failure or refusal to use a safety appliance or perform a duty required by statute;
>
> 5. The employee's willful breach of any reasonable rule or regulation adopted by the employer and brought, prior to the accident, to the knowledge of the employee[.]

To prevail on a willful misconduct defense, the employer must prove that the rule was reasonable, known to the employee, for the employee's benefit, and the employee intentionally performed the forbidden act. Owens Brockway & Nat'l Union Fire Ins. Co. v. Easter, 20 Va. App.

268, 271, 456 S.E.2d 159, 161 (1995); Buzzo v. Woolridge Trucking, 17 Va. App. 327, 332, 437 S.E.2d 205, 208 (1993). Additionally, the employer must establish that the misconduct proximately caused the employee's injury. See Easter, 20 Va. App. at 271-72, 456 S.E.2d at 161. The issue of "[w]hether the rule is reasonable and applies to the situation from which the injury results, and whether the claimant knowingly violated it, is a mixed question of law and fact." Id. However, "the questions of whether an employee is guilty of willful misconduct and whether such misconduct is a proximate cause of the employee's accident are issues of fact." Id. at 272, 456 S.E.2d at 161.

Here, claimant challenges only the proximate causation element of the employer's willful misconduct defense; he concedes the other elements. The issue of proximate cause is a question of fact. Id. See also Mills v. Va. Elec. & Power Co., 197 Va. 547, 551-53, 90 S.E.2d 124, 127 (1955) (affirming denial of workers' compensation award where credible evidence supported the Commission's finding that the employee's violation of a rule to wear rubber gloves while working on power lines was the proximate cause of his injury). We will not disturb the Commission's factual findings on appeal if they are supported by credible evidence. Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).

The Commission concluded that "persuasive and preponderating evidence establishes that the claimant's injuries were directly the product of his failure to wear his seatbelt." Claimant argues the Commission could not reach that conclusion without medical evidence specifying which of his injuries were caused by his failure to wear a seatbelt. However, claimant fails to cite any statutory or case authority requiring an employer to establish proximate causation by medical evidence to prevail on a willful misconduct defense.

Credible evidence in the record supports the Commission's finding. Claimant conceded that he was not wearing his seatbelt when the accident occurred. He further acknowledged that the purpose of a seatbelt is to secure a vehicle's occupant. After the initial rear impact, claimant was

- 4 -

thrown into the passenger seat and subsequently ejected from the bus. He testified that he landed in a position pinned underneath the bus engine. Claimant admitted that he did not sustain any injury while in the driver's seat.

Based on these facts, the Commission could reasonably infer that all of claimant's injuries resulted from being thrown out of the driver's seat, a consequence of his failure to wear a seatbelt. Although the sequence of events started with the collision, credible evidence supports a finding that claimant's willful violation of his employer's rule and the statutory requirement to wear a seatbelt proximately caused his injuries. Therefore, the Commission did not err in concluding that employer proved its affirmative defenses under Code § 65.2-306, and we affirm the denial of benefits to claimant.

<u>Affirmed.</u>